NUMBER 13-10-00377-CV

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


____________________________________________________________

 

LEOPOLDO LEAL,                                                                       Appellant,

 

                                                             v.

 

KING RANCH, INC.,

AND OTHER UNKNOWN
PERSONS,                                       Appellees. 

 ____________________________________________________________

 

                           On
appeal from the 347th District Court 

                                       of
Nueces County, Texas.

____________________________________________________________

 

                               MEMORANDUM
OPINION

 

                     Before Justices Benavides,
Vela, and Perkes

Memorandum Opinion by
Justice Perkes

 

Appellant,
Leopoldo Leal, appeals from an order declaring him to be a vexatious litigant.
 We dismiss the appeal as stated herein.  

 

 

I. 
Background

Leal
brought suit against King Ranch, Inc. (“King Ranch”) and “other unknown persons”
over title to real property.  King Ranch filed a “Motion to Declare Plaintiff a
Vexatious Litigant and Request for Security.”  See Tex. Civ. Prac. & Rem. Code Ann. §§
11.001–.104 (West 2002).[1] 
The trial court conducted a hearing on the motion pursuant to the Texas Civil Practice
and Remedies code.  On July 7, 2010, the trial court granted the motion,
declared Leal to be a vexatious litigant, and ordered him to pay security “to
guarantee payment to Defendant for reasonable expenses, including its costs and
attorneys’ fees incurred in the defense of this lawsuit.”  This order provided
that the trial court would dismiss the case if Leal did not provide the
requisite security within a specified period of time.  

Leal
timely filed a notice of appeal of this order on July 13, 2010.  When Leal
failed to furnish security as required by the order, the trial court dismissed
the case on August 9, 2010.  See id. §§ 11.055–.056.  Consequently, the
interlocutory order declaring Leal to be a vexatious litigant merged into the
final judgment and became appealable.  See Douglas v. Am. Title Co., 196
S.W.3d 876, 879 (Tex. App.—Houston [1st Dist.] 2006, no pet.).[2]

The
clerk’s record in this appeal was filed on November 18, 2010.  On January 21,
2011, the Clerk of the Court notified Leal that his brief was due on December
20, 2010, that it had not been filed, and that the appeal was subject to being
dismissed for want of prosecution.  See Tex. R. App. P. 42.3.  On January 24, 2011, the Court
received a response from Leal stating that “plaintiff filed his appeal, paid
his filing fee for the appeal, and has waited for defendant to file a brief, so
that plaintiff can reply, pursuant to the Texas Rule of Appellate Procedure.”  

On
January 28, 2011, the Court notified Leal that an appellant must file a brief
within thirty days from the date the clerk’s record is filed, or the date that
the reporter’s record is filed, whichever is later, and that an appellee is
required to file a brief within thirty days after the date appellant’s brief
was filed.  See id. R. 38.6(a).  The Court reiterated that Leal’s brief
was due on December 20, 2010 and that it had not been filed.  The Court further
notified Leal that:  “[u]nless within ten (10) days from the date of receipt of
this letter, appellant reasonably explains the failure and the appellee is not
significantly injured by the appellant’s failure to timely file a brief, this
appeal shall be dismissed for want of prosecution.”  See id. R.
38.8(a)(1).

On
February 18, 2011, Leal filed a document in this cause titled “Petition for
Writ of Mandamus” which states that it is a “[f]ollow up on the BRIEF requested
by the Court of Appeals.”  Upon review of this document, we concluded that it
contained numerous defects and that Leal did not properly present his case in a
brief to this Court.  See id. R. 38.9.  The brief failed to comply with
Texas Rule of Appellate Procedure 38.1 concerning the substantive requirements
for an appellant’s brief.  Specifically, the document did not state concisely
all issues or points presented for review; did not state concisely and without
argument the facts pertinent to the issues or points presented as required by
Rule 38.1(d); did not contain a clear and concise argument for the contentions
made, with appropriate citations to the authorities and to the record; and did not
contain an appendix as required by Rule 38.1(j).[3]

On
March 25, 2011, King Ranch filed a “Motion for Involuntary Dismissal” based, in
part, on the deficiencies in appellant’s brief.  On June 13, 2011, the Court entered
an order striking appellant’s brief and abating this matter to allow appellant
to redraw his brief.  See id. R. 38.9(a), (b).  We ordered Leal to file,
within fifteen days, an amended brief that complied with the above rules.  We
directed Leal that, in accordance with Rule 38.1, the facts pertinent to the
appeal and the issues and argument presented in the brief must be clear and
concise.  We informed Leal that if he filed an amended brief that failed to
comply with our order and the Texas Rules of Appellate Procedure, the Court could
strike the brief, prohibit Leal from filing another, and proceed as if Leal had
failed to file a brief, under which circumstances, the Court may dismiss the
appeal for want of prosecution and Leal’s failure to comply with this Court’s
directive and the appellate rules.  See id. R. 38.8(a)(1), 42.3(b),(c). 
We informed Leal that the appeal would be reinstated upon the expiration of
fifteen days or the date that Leal’s amended brief was filed, whichever occurred
first.  

On
June 22, 2011, the Court received Leal’s “Amended Brief in Support of Plaintiff’s
Petition for Writ of Mandamus.”  The amended brief fails to comply with Texas
Rule of Appellate Procedure 38.1 concerning the substantive requirements for an
appellant’s brief.  Specifically, for example, the document does not state
concisely all issues or points presented for review as required by Rule
38.1(f); the document does not state concisely and without argument the facts
pertinent to the issues or points presented as required by Rule 38.1(g); does
not contain a clear and concise argument for the contentions made, with
appropriate citations to the authorities and to the record; as required by Rule
38.1(i); and does not contain an appendix as required by Rule 38.1(j).

On
June 30, 2011, appellee, King Ranch, Inc., filed an amended motion for involuntary
dismissal based, inter alia, on the foregoing deficiencies in Leal’s amended
brief.  On July 11, 2011, Leal filed a response to the amended motion for
voluntary dismissal.

II.  Analysis

Pro
se litigants, such as Leal, “are not exempt from the rules of procedure.” Wheeler
v. Green, 157 S.W.3d 439, 444 (Tex. 2005).  Pro se litigants are held to
the same standards as licensed attorneys, and they must therefore comply with
all applicable rules of procedure.  Mansfield State Bank v. Cohn, 573
S.W.2d 181, 184–85 (Tex. 1978); Strange v. Cont’l Cas. Co., 126 S.W.3d
676, 677 (Tex. App.—Dallas 2004, pet. denied).  To hold otherwise would give
pro se litigants an unfair advantage over litigants with an attorney.  Mansfield
State Bank, 573 S.W.2d at 184–85; Cooper v. Circle Ten Council Boy
Scouts of Am., 254 S.W.3d 689, 693 (Tex. App.—Dallas 2008, no pet.). 
Accordingly, Leal must comply with the applicable laws and rules of procedure. 
Mansfield State Bank, 573 S.W.2d at 185.

Appellate
briefs are to be construed reasonably so as to preserve the right to appellate
review.  El Paso Natural Gas v. Minco Oil & Gas, Inc., 8 S.W.3d 309,
316 (Tex. 1999).  Nevertheless, substantial compliance with the rules is
required.  Harkins v. Dever Nursing Home, 999 S.W.2d 571, 573 (Tex.
App.—Houston [14th Dist.], 1999, no pet.).  To comply, an appellant must
provide a discussion of the facts and authorities relied upon necessary to a
resolution of the issues raised in the brief.  Tesoro Petroleum Corp. v.
Nabors Drilling USA, Inc., 106 S.W.3d 118, 129 (Tex. App.—Houston [1st
Dist.] 2002, pet. denied).

Failure
to substantially comply with the requirements of Texas Rule of Appellate
Procedure 38 results in waiver of the issues on appeal. See Fredonia State
Bank v. General Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994); Valadez
v. Avitia, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.).  In
particular, the failure to cite legal authority or provide substantive analysis
of the legal issue presented results in waiver of the complaint.  See Lundy
v. Masson, 260 S.W.3d 482, 503 (Tex. App.—Houston [14th Dist.] 2008, pet.
denied).  Bare assertions of error, without citations to the record or to
authority, are insufficient to preserve error for our review.  Bufkin v.
Bufkin, 259 S.W.3d 343, 354 (Tex. App.—Dallas 2008, pet. denied). 
Similarly, references to sweeping statements of general law without applicable
existing legal authority are rarely appropriate and do not satisfy rule 38.  Bolling
v. Farmers Branch Indep. Sch. Dist., 315 S.W.3d 893, 896 (Tex. App.—Dallas
2010, no pet.).  An appellate court has no duty or right to perform an
independent review of the record and applicable law to determine whether there
was error.  Valadez, 238 S.W.3d at 845.  

“A
court of appeals must not affirm or reverse a judgment or dismiss an appeal for
formal defects or irregularities in appellate procedure without allowing a
reasonable time to correct or amend the defects or irregularities.”  Tex. R. App. P. 44.3.  A reasonable
time is given to an appellant when he is provided with an opportunity to amend
his brief. See Fredonia State Bank, 881 S.W.2d at 284.  The Court
allowed Leal a reasonable time and the opportunity to redress the defects in
his original brief; however, Leal’s amended brief still fails to substantially
comply with the appellate rules. 

III. 
Conclusion

Accordingly,
we REINSTATE the appeal.  We DISMISS the “First Motion for Involuntary
Dismissal” as moot.  We GRANT the “Second Motion for Involuntary Dismissal.” 
We STRIKE the amended brief, prohibit Leal from
filing another, and proceed as if Leal had failed to file a brief.  Accordingly,
we DISMISS this appeal for want of prosecution, for Leal’s failure to comply
with the appellate rules, and for Leal’s failure to comply with a directive
from this Court.  See Tex. R.
App. P. 38.8(a), 38.9(a), 42.3(b)(c); Newman v. Clark, 113 S.W.3d
622, 623 (Tex. App.—Dallas 2003, no pet.).  

                                                                        

                                                                                                                                    

Gregory
T. Perkes

Justice

 

Delivered and filed the

4th day of August, 2011.


 









[1] A trial court's determination that an appellant is a
vexatious litigant is reviewed under an abuse of discretion standard.  See
Willms v. Americas Tire Co., 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006,
pet. denied); Pandozy v. Beaty, 254 S.W.3d 613, 619 (Tex. App.—Texarkana
2008, no pet.).  The trial court abuses its discretion when it renders an
arbitrary and unreasonable decision lacking support in the facts or
circumstances of the case or when it acts in an arbitrary or unreasonable
manner without reference to guiding rules or principles.  See Samlowski
v. Wooten, 332 S.W.3d 404, 410 (Tex. 2011).  

 





[2] The Court has previously considered two petitions for
writ of mandamus filed by appellant arising from this same trial court
proceeding, including a petition for writ of mandamus seeking to set aside the order
subject to appeal herein.  See In re Leal, No. 13-11-00092-CV, 2011 Tex.
App. LEXIS 1804, at *1 (Tex. App.—Corpus Christi Mar. 9, 2011, orig.
proceeding) (per curiam mem. op.) (denying petition for writ of mandamus
seeking to compel the trial court to enter judgment in Leal's favor); In re
Leal, No. 13-10-00434-CV, 2010 Tex. App. LEXIS 6327, at **1–2 (Tex.
App.—Corpus Christi Aug. 4, 2010, orig. proceeding) (per curiam mem. op.)
(denying petition for writ of mandamus seeking to compel the trial court to
vacate her July 7, 2010 order).   

 





[3] Moreover, we are unable to construe
this document as a petition for writ of mandamus because Leal filed a notice of
appeal from an appealable order, and further, the document fails to comply with
the appellate rules pertaining to original proceedings.  See Tex. R. App. P. 52.