

COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER

Appellate case name:        In the Interest of H.L.B., T.K.B. & C.L.B.

Appellate case number:    01-12-01082-CV

Trial court case number:  2010-01752J

Trial court:                      313th District Court of Harris County

Appellant, Sherri Tomlinson, timely filed a notice of appeal and an affidavit of indigence for purposes of appeal from the trial court's December 29, 2010 judgment terminating the parent-child relationship between appellant and the minor children who are the subject of this case.[1] *See* TEX. R. APP. P. 20.1. Appellant also filed a motion for new trial, which the trial court granted on January 27, 2011.

In the order granting appellant's motion for new trial, the trial court found that appellant is indigent and appointed Julie Ketterman to represent her.

Based on the trial court's order granting a new trial, we dismissed the appeal. *See In re H.B., T.B., and C.B.*, 01-11-00044-CV, 2011 WL 1235020 (Tex. App.—Houston [1st Dist.] March 31, 2011, no pet.).

On March 8, 2011, the trial court entered a second judgment in this case, once again terminating appellant's parent-child relationship with the children. Appellant filed a timely notice of appeal from this second judgment of the trial court. The second notice of appeal was first filed with this Court, in redacted form, in a supplemental clerk's record filed on May 15, 2012. The trial-court clerk provided a non-redacted version on September 25, 2012, with the following statement: "The Notice of appeal [sic], we in post judgment didn't received [sic] until I gotten [sic] a correspondent [sic] from Sandra Hachem (Copy) on May 15, 2012, which was entered in Jims [sic] on that date. I ordered this case file and found the Notice of Appeal inside file jacket 09/24/12 [sic]." Based on the receipt of the second notice of appeal from the second trial court judgment in this case, this cause number was opened and this appeal began.

---

[1]        Appellant's appeal from the December 29, 2010 judgment was assigned cause number 01-11-00044-CV. The notice of appeal and affidavit of indigence were filed under that cause number, as was a supplemental clerk's record. We take judicial notice of these documents for purposes of this order. *See Douglas v. Am. Title Co.*, 196 S.W.3d 876, 878 n.1 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

On March 17, 2011, when appellant filed her second notice of appeal, Texas Rule of Appellate Procedure 20.1 required an appellant seeking to proceed on appeal without advance payment of costs to provide a separate affidavit of indigence from the affidavit used in the trial court and proof of indigence at the time of filing her notice of appeal.[2] *See* TEX. R. APP. P. 20.1(c)(1), 71 TEX. B.J. 676 (Tex. 2008, amended 2011). But in her second notice of appeal, appellant merely states that she "would show the Clerk that she is indigent, and is unable to give costs or a bond for security, or otherwise pay for the transcript, the court reporter's record, or an attorney on appeal, and requests a free transcript, free record, free attorney and free appeal." Neither appellant nor the trial court clerk have provided us with an affidavit of indigence filed by appellant after the trial court's second judgment, nor does the record contain any indication that another affidavit of indigence has been filed.

Nevertheless, based on the excessive delay between the filing of appellant's second notice of appeal and the receipt of the notice of appeal in this Court and the trial court's finding that appellant is indigent in an order granting a motion for new trial rendered after appellant filed an affidavit of indigence with her first notice of appeal, we suspend any requirement that appellant file an additional affidavit of indigence for purposes of appeal and **ORDER** the Clerk of this Court to make an entry in this Court's records that appellant is indigent and is allowed to proceed on appeal without advance payment of costs. *See* TEX. R. APP. P. 2 (permitting appellate court to suspend rule's operation to expedite decision or for good cause); TEX. R. APP. P. 35.3(c) ("The appellate court may enter any order necessary to ensure the timely filing of the appellate record."); *see also* TEX. R. APP. P. 27.3 (permitting appellate court, when appealed judgment is vacated and replaced with second appealable judgment, to "treat actions relating to the appeal of the first . . . judgment as relating to the appeal of the subsequent . . . judgment").

It is further **ORDERED** that the District Clerk file with this Court, within 10 days of the date of this order and at no cost to appellant, a clerk's record containing the items specified in Texas Rule of Appellate Procedure 34.5(a). *See* TEX. R. APP. P. 20.1(k), 35.1(b).

It is further **ORDERED** that the Court Reporter file with this Court, within 10 days of the date of this order and at no cost to appellant, the reporter's record. *See* TEX. R. APP. P. 20.1(k), 35.1(b).

---

[2] The current rules of appellate procedure and Texas Family Code provisions presume that a parent in a parental termination case who is found indigent by the trial court remains indigent for the duration of any appeal, without the requirement that a separate affidavit of indigence be filed, and require counsel appointed to represent an indigent parent to continue representing the parent on appeal. *See* TEX. FAM. CODE ANN. §§ 107.013(e), 107.016(2) (West Supp. 2012); TEX. R. APP. P. 20.1(a)(3), (c)(1). However, because the rules and the Family Code were amended effective September 1, 2011, which was after appellant filed her second notice of appeal, they are inapplicable to this case. *See* Act of May 5, 2011, 82d Leg., R.S., ch. 75, § 7, 2011 Tex. Sess. Law Serv. 348, 349 (West) (applying statutory amendments to suits "pending in a trial court on . . . [September 1, 2011,] the effective date of this Act"); Order Adopting Amended Texas Rules of Appellate Procedure 20.1 and 25.1, Misc. Docket No. 11–9169 (Tex. Aug. 31, 2011) (amending rules effective September 1, 2011).

Appellant's brief is **ORDERED** filed with this Court within 20 days after the later of the date the clerk's record is filed or the date the reporter's record is filed. *See* TEX. R. APP. P. 38.6(a). Appellee's brief, if any, must be filed within 20 days after the date appellant's brief is filed. *See* TEX. R. APP. P. 38.6(b).

It is so ORDERED.


Judge's signature: /s/ Terry Jennings
          ☑ Acting individually   ☐ Acting for the Court

Date: December 7, 2012