**Opinion issued November 21, 2013**



In The

# Court of Appeals

For The

## First District of Texas

———————————

### NO. 01-13-00100-CV

———————————

**KRISTOFER THOMAS KASTNER, Appellant**

**V.**

**FRANK FULCO, GUTTERMAXX, LP, GUTTER MANAGEMENT, INC.,
AND JACK HEATH, Appellees**

---

**On Appeal from the 127th District Court
Harris County, Texas
Trial Court Case No. 2010-76761**

---

### MEMORANDUM OPINION

Appellant, Kristofer Thomas Kastner, proceeding pro se, attempts to appeal from "the order dated November 16, 2012." Because appellant has not complied with Texas Civil Practice and Remedies Code Chapter 11, governing vexatious litigants, we dismiss the appeal.

Pursuant to Chapter 11, "[a] court may, on its own motion or the motion of any party, enter an order prohibiting a person from filing, in propria persona, a new litigation in a court in this state if the court finds, after notice and hearing . . ., that: (1) the person is a vexatious litigant; and (2) the local administrative judge of the court in which the person intends to file the litigation has not granted permission to the person . . . to file the litigation." Act of May 23, 1997, 75th Leg., R.S., ch. 806, § 1, sec. 11.101(a), 1997 Tex. Gen. Laws 2634, 2636 (amended 2013) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(a) (West Supp. 2013)). The Office of Court Administration of the Texas Judicial System ("OCA") is required to post a list of vexatious litigants subject to pre-filing orders on the agency's Internet website. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.104(b) (West Supp. 2013).

"[A] clerk of a court may not file a litigation, original proceeding, appeal, or other claim presented by a vexatious litigant subject to a prefiling order . . . unless the litigant obtains an order from the local administrative judge permitting the filing." *See* Act of June 29, 2011, 82d Leg., 1st C.S., ch. 3, § 9.04, sec. 11.103(a), 2011 Tex. Gen. Laws 5206, 5248 (amended 2013) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(a) (West Supp. 2013)).

The OCA's website reflects that, on April 30, 2012, the 133rd District Court of Harris County declared appellant a vexatious litigant and entered a prefiling

order in *Kastner v. Sanders*, No. 2011-54173 (133rd District Court of Harris County, Tex., Apr. 30, 2012) and that, on June 25, 2012, the 165th District Court of Harris County declared appellant a vexatious litigant and entered a prefiling order in *Kastner v. Texas Workforce Commission*, No. 2011-76848 (165th District Court, Harris County, Tex. June 25, 2012). *See* OFFICE OF COURT ADMIN., *List of Vexatious Litigants Subject to Prefiling Orders under Section 11.101, Civil Practice and Remedies Code*, http://www.txcourts.gov/oca/vexatious_litigants.pdf (last updated Oct. 30, 2013) (listing vexatious litigants subject to prefiling orders); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 11.104(b); *Douglas v. Am. Title Co.*, 196 S.W.3d 876, 878 n.2 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (taking judicial notice of Harris County record of vexatious litigants).

On October 3, 2013, the Clerk of the Court notified appellant that the appeal was subject to dismissal unless, within ten days, he filed proof that he had obtained an order from the local administrative judge permitting the filing of this appeal.[1] *See* Act of June 29, 2011, 82d Leg., 1st C.S., ch. 3, § 9.04, sec. 11.103(a), 2011 Tex. Gen. Laws 5206, 5248 (amended 2013); TEX. R. APP. P. 42.3; *McCray v Prudential Ins.*, No. 14-12-00860-CV, 2012 WL 5586804, at *1 (Tex. App.—Houston [14th Dist.] Nov. 15, 2012, no pet.) (dismissing appeal for want of

---

[1] This is not an appeal from an order declaring appellant a vexatious litigant. *See* Act of June 29, 2011, 82d Leg., 1st C.S., ch. 3, § 9.04, sec. 11.103(d), 2011 Tex. Gen. Laws 5206, 5248 (amended 2013) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(d) (West Supp. 2013)).

3

jurisdiction, after providing notice of intent to dismiss, because vexatious-litigant appellant failed to provide copy of order permitting filing of appeal); *see also* Act of May 23, 1997, 75th Leg., R.S., ch. 806, § 1, sec. 11.103(b), 1997 Tex. Gen. Laws 2634, 2636, *repealed by* Act of May 25, 2013, 83d Leg., R.S., ch. 1224, § 10, 2013 Tex. Sess. Law Serv. 3080, 3083 (West) (requiring that court dismiss mistakenly-filed litigation on filing of notice by any party stating that appellant is vexatious litigant subject to prefiling order unless appellant obtains permission to file litigation within 10 days of filing of notice); *Kastner v. Harris Cnty.*, No. 01-12-00504-CV, 2013 WL 1618325, at *1–2 (Tex. App.—Houston [1st Dist.] Apr. 16, 2013, no pet.) (dismissing appeal for want of jurisdiction upon filing of notice by appellees stating that appellant was vexatious litigant).  Appellant did not adequately respond to the notice.

Accordingly, we dismiss the appeal.  *See* TEX. R. APP. P. 42.3; *McCray*, 2012 WL 5586804, at *1; *see also* Act of June 29, 2011, 82d Leg., 1st C.S., ch. 3, § 9.04, sec. 11.103(a), 2011 Tex. Gen. Laws 5206, 5248 (amended 2013); Act of May 23, 1997, 75th Leg., R.S., ch. 806, § 1, sec. 11.103(b), 1997 Tex. Gen. Laws 2634, 2636 (repealed 2013); *Kastner*, 2013 WL 1618325, at *1–2.  We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Bland and Huddle.