**Opinion issued November 10, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-16-00857-CR

_____

## IN RE JULIO FRAN CERVANTES-SEGURA, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, Julio Fran Cervantes-Segura, proceeding pro se and incarcerated, has filed an "Application For Writ of Mandamus" in this Court. Relator seeks to compel the respondent trial court judge to set aside his direct appeal proceedings until a hearing can be held on his pro se motion for new trial.[1]

---

[1] The underlying case is *The State of Texas v. Julio Fran Cervantes-Segura*, Cause No. 1445818, pending in the 180th District Court, Harris County, Texas, The Honorable Catherine Evans presiding. This Court recently denied relator's pro se pre-trial criminal mandamus petition that arose from the same underlying trial court cause number 1445818. *See In re Julio Fran Cervantes-Segura*, No. 01–16–00647–

Generally, to be entitled to mandamus relief in a criminal matter, a relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *See Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011) (orig. proceeding) (citation omitted). If the relator fails to satisfy either aspect of this two-part test, the relief should be denied. *See id.*

Here, because relator's petition refers to his direct appeal proceedings, he admits that he has already appealed at the time of filing this petition. Although relator's petition did not refer to when he filed his notice of appeal, "[w]e may take judicial notice of our own records involving the same parties and subject matter." *Douglas v. Am. Title Co.*, 196 S.W.3d 876, 877 n.1 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citation omitted). Following a jury trial in which he was found guilty of aggravated robbery, the trial court assessed relator's punishment at ten years' confinement on September 23, 2016, in the underlying trial court cause number 1445818. On October 5, 2016, the district clerk assigned relator's September 23, 2016 timely notice of appeal from this judgment of conviction to this Court. *See* Tᴇx. R. Aᴘᴘ. P. 26.2(a)(1). The trial court certified appellant's right of appeal because this was not a plea-bargain case and appellant has a right of appeal. *See id.*

---

CR, 2016 WL 6518673, at *1 (Tex. App.—Houston [1st Dist.] Sept. 15, 2016, orig. proceeding) (per curiam) (mem. op., not designated for publication).

25.2(a)(2)(B). The Clerk of this Court assigned relator's direct appeal to appellate cause number 01–16–00793–CR, which remains pending. Thus, relator has an adequate appellate remedy for the harms alleged in this petition.

Accordingly, we construe the application as a petition for a writ of mandamus, but **deny** the petition because relator has an adequate appellate remedy. *See* TEX. R. APP. P. 52.8(a); *see also Bowen*, 343 S.W.3d at 810.

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).