

**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**

ORDER AND NOTICE OF INTENT TO DISMISS FOR WANT OF JURISDICTION

Appellate case name:  Bobby B. Dash v. Parc Lake Estates Homeowners Association Inc., and Carl Edward Bovermann, John Mgbere, Tracy Herrmann

Appellate case number:  01-18-00338-CV

Trial court case number:  2017-16096

Trial court:      152nd District Court of Harris County

After a preliminary review of the pro se notice of appeal, this Court notifies appellant that this appeal may be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). On April 30, 2018, appellant, Bobby B. Dash, attempted to file a "Notice of Appeal to Issue Writ of Mandamus," requesting this Court to issue a writ of mandamus to compel the respondent, the 152nd District Court, to rule on motions for summary judgment, pending for over three months from the hearing and five months since the filing of the motions. Appellant's notice of appeal does not refer to an order signed by the trial court, but it does include a letter, dated March 19, 2018, that he sent to that court requesting a ruling on the pending motions for summary judgment.

This Court generally has jurisdiction over appeals from signed, final judgments and interlocutory orders authorized by statute as appealable. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012, 51.014(a)(1)-(13) (West 2014). However, appellant is attempting to appeal from the trial court's refusal to rule on a motion within a reasonable time period, which is not appealable, but may constitute an abuse of discretion for which the remedy of a writ of mandamus may be available. *See, e.g.*, *In re Lee*, 411 S.W.3d 445, 450 n.7 (Tex. 2013) (orig. proceeding) (recognizing that mandamus relief is available to remedy trial court's erroneous refusal to enter judgment on mediated settlement agreement); *see also In re Granite Shop*, No. 02-08-00410-CV, 2009 WL 485696, at *3 (Tex. App.—Fort Worth Feb. 24, 2009, orig. proceeding) (per curiam) (mem. op.) (granting mandamus relief to compel respondent to vacate order that earlier judgment was final and to proceed to rule on relator's partial summary judgment motion).

Here, appellant stated in his notice of appeal that he requests that this Court issue a writ of mandamus. While we may treat an appeal as a mandamus petition, this pro se notice of appeal does not comply with the mandamus petition and record requirements of Rule 52. *See* TEX. R. APP. P. 52.1, 52.3; *see, e.g.*, *CMH Homes v. Perez*, 340 S.W.3d 444, 453–54 (Tex. 2011) (noting that appellate courts may treat interlocutory appeal as mandamus petition "because the appellant specifically requested mandamus relief" in the alternative).

However, this Court takes judicial notice that appellant has just filed a pro se mandamus petition and record on May 3, 2018, in this Court seeking the same relief as in this appeal, and the petition has been assigned to appellate cause number 01-18-00350-CV. *See Douglas v. Am. Title Co.*, 196 S.W.3d 876, 877 n.1 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citation omitted) ("We may take judicial notice of our own records involving the same parties and subject matter."). Accordingly, appellant is **ORDERED** to file a response, with the Clerk of this Court, providing a detailed explanation, citing relevant portions of the record, statutes, rules, or case law to show that this Court has jurisdiction over the appeal, or this appeal **may be dismissed for want of jurisdiction without further notice**. *See* TEX. R. APP. P. 42.3(a), (c). Any response must be filed **within 10 days of the date of this order**.

It is so ORDERED.

Judge's signature: /s/ Evelyn V. Keyes
       ☑ Acting individually    ☐ Acting for the Court

Date: May 15, 2018