**Opinion issued June 21, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00338-CV

————————————

**BOBBY B. DASH, Appellant**

**V.**

**PARC LAKE ESTATES HOMEOWNERS ASSOCIATION INC., AND CARL EDWARD BOVERMANN, JOHN MGBERE, TRACY HERRMANN, Appellees**

---

**On Appeal from the 152nd District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-16096**

---

## MEMORANDUM OPINION

Appellant, Bobby B. Dash, proceeding pro se, filed in the district court a

document titled "Plaintiff's Notice of Appeal to Issue Writ of Mandamus." The

Harris County District Clerk treated the document as a notice of appeal. To the extent this was a notice of appeal, we dismiss the appeal for want of jurisdiction.

The document in question stated:

> Pursuant to Texas Government Code § 22.201(m), § 22.221(b)(1) and Texas Rules of Appellate Procedure 52, Plaintiff and Relator Bobby B. Dash, hereby gives this Notice of Appeal for the appellate court to issue a Writ of Mandamus for the 152nd District Court (Respondent) to rule on Motions for Summary Judgment still pending a ruling for over three (3) months since the hearing, and five (5) months since filing. This appeal will be taken to either the First or Fourteenth Court of Appeals for the State of Texas.

Thus, while labeled a "notice of appeal," the substance of the document states an intent to seek a writ of mandamus, references statutes and rules pertinent only to original proceedings, and refers to Dash as the relator and the district judge as the respondent. Moreover, the document does not conform to the requirements for a notice of appeal, as it fails to identify "the date of the judgment or order appealed from." TEX. R. APP. P. 25.1(d)(2).

This Court generally has appellate jurisdiction over appeals from signed, final judgments or orders authorized by statute as appealable. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012, 51.014(a)(1)–(13) (West 2014); *see also Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001). The trial court's failure to rule within a reasonable time is not appealable, but may constitute an abuse of discretion for which the remedy of a writ of mandamus may be available. *See, e.g., In re Lee*,

2

411 S.W.3d 445, 450 n.7 (Tex. 2013) (orig. proceeding) (recognizing that mandamus relief is available to remedy trial court's erroneous refusal to enter judgment on mediated settlement agreement); *see also In re Granite Shop*, No. 02-08-00410-CV, 2009 WL 485696, at \*3 (Tex. App.—Fort Worth Feb. 24, 2009, orig. proceeding) (per curiam) (mem. op.) (granting mandamus relief to compel respondent to vacate order that earlier judgment was final and to proceed to rule on relator's partial summary judgment motion).

This Court's May 15, 2018 Order and Notice of Intent to Dismiss for Want of Jurisdiction took judicial notice that appellant had recently filed a pro se mandamus petition and record on May 3, 2018, in this Court seeking the same relief as in this appeal, and the mandamus petition has been assigned to appellate cause number 01-18-00350-CV. *See Douglas v. Am. Title Co.*, 196 S.W.3d 876, 877 n.1 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citation omitted) ("We may take judicial notice of our own records involving the same parties and subject matter."). That Order also notified appellant that this appeal was subject to dismissal for want of jurisdiction unless he timely responded within ten days and showed how this Court had jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c). Appellant failed to timely respond.[1]

---

[1] Although the Clerk of this Court's May 31, 2018 notice warned the pro se appellant that, because the clerk's record has not been filed due to his lack of payment, this appeal might be dismissed for want of prosecution unless he pays for that record's fee by July 2, 2018, this appeal must be dismissed regardless of whether the

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP.

P. 42.3(a), 43.2(f).

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Massengale.

---

appellant responds to the notice because we lack jurisdiction. *See* TEX. R. APP. P. 42.3(a), (b).