Ralph O. DOUGLAS, Appellant,

v.

AMERICAN TITLE COMPANY,
Appellee.

No. 01–04–00669–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 29, 2006.

Rehearing Overruled July 14, 2006.

Ralph Douglas, Rosharon, TX, for Appellant.

Robert H. Fisher, Houston, TX, for Appellee.

Panel consists of Justices TAFT, HIGLEY, and BLAND.

## OPINION

TIM TAFT, Justice.

Appellant, Ralph O. Douglas, appeals from the trial court's dismissal of his case for failure to post bond as a vexatious litigant. Douglas also appeals the court's designation of him as a vexatious litigant which order merged into the final judgment. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 11.054 (Vernon 2002). We determine whether the trial court abused its discretion by granting appellee, American Title Company's ("ATC"), motion to declare Douglas a vexatious litigant and, thus, whether the trial court erred in dismissing Douglas's suit for failure to post a vexatious-litigant bond. We reverse the judgment of the trial court and remand the cause.

## Facts

In May of 1999, Douglas contracted with ATC to perform title services. *See Douglas v. Amer. Title Co.,* No. 01–04–00265–CV, 2005 WL 568290, at *1 (Tex. App.-Houston [1st Dist.] March 10, 2005, no pet.) (memo op.). Thereafter, Douglas was indicted for real-estate fraud. *See id.* The Harris County District Attorney's Office ("the DA") requested that ATC halt all transactions and closings of properties involved in Douglas's fraud. *See id.* ATC complied with the DA's request. *See id.* In response, Douglas sued ATC, alleging a

breach-of-contract cause of action related to a property located at 4703 Sauer ("the 2003 lawsuit"). *See id.* On September 2, 2003, ATC filed a summary judgment motion in the 2003 lawsuit, and the trial court granted ATC's motion. *See id.* at \*2. Douglas filed a restricted appeal. *See id.* On March 10, 2005, this Court dismissed the appeal in the 2003 lawsuit for lack of subject-matter jurisdiction.[1] *See id.* at \*3.

On January 14, 2004, Douglas filed an original petition for the failure of ATC to produce mortgage records, which he alleged ATC had a duty to provide ("the 2004 lawsuit"). On February 4, 2004, ATC filed a motion in the 2004 lawsuit to declare Douglas a vexatious litigant and requested security pursuant to Civil Practice and Remedies Code sections 11.054 and 11.055. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 11.054–.055 (Vernon 2002). On March 24, 2004, about three months after Douglas had filed the 2004 lawsuit, the

164th District Court declared Douglas to be a vexatious litigant, in yet another suit, pursuant to chapter 11, Civil Practice and Remedies Code.[2] *See* http://www.courts.state.tx.us/oca/vexatious_litigants.xls (last visited April 24, 2006) (listing Douglas as vexatious litigant); *see also* Tex. Civ. Prac. & Rem.Code Ann. § 11.104(b) (Vernon 2002) (requiring that Office of Court Administration of Texas Judicial System maintain list of vexatious litigants subject to prefiling orders). Under chapter 11, the 164th district court declared Douglas a vexatious litigant and placed limitations on his litigation activities.[3] *See id.* § 11.101 (Vernon 2002).

On April 15, 2004, the trial court granted in the 2004 lawsuit ATC's vexatious-litigant motion and ordered Douglas to pay security in the amount of $5,000. In the April 15 order, the trial court placed limitations on the litigation activities of Douglas by prohibiting him from filing, *in pro-*

---

1. We have obtained some of the history of the 2003 lawsuit from the clerk's record and file in Cause No. 01–04–00265–CV, an earlier appeal in this court. *See Douglas v. Amer. Title Co.*, No. 01–04–00265–CV, 2005 WL 568290 (Tex.App.-Houston [1st Dist.] March 10, 2005, no pet.) (memo op.). We may take judicial notice of our own records between the same parties involving the same subject matter. *Office of Pub. Util. Counsel v. Pub. Util. Com'n of Tex.*, 878 S.W.2d 598, 600 (Tex.1994) (holding that court of appeals has power to take judicial notice for first time on appeal).

2. The Harris County record of vexatious litigants includes Douglas arising out of cause number 2003–25950, in the 164th district court, styled *Douglas v. Quaker Home Fin. Serv's.* Although the list of vexatious litigants is not in the record, we take judicial notice of it. *See Eagle Trucking Co. v. Tex. Bitulithic Co.*, 612 S.W.2d 503, 506 (Tex.1981); *City of Houston v. Todd*, 41 S.W.3d 289, 301 (Tex. App.-Houston [1st Dist.] 2001, pet. denied) (holding that courts of appeals may take judicial notice of facts that are notorious, well-known, or easily ascertainable).

3. On March 24, 2004, the 164th district court entered an order prohibiting Douglas from filing, *in propria persona*, new litigation in a Texas court without permission from a local administrative judge. *See* Tex. Civ. Prac. & Rem.Code Ann. § 11.101(a) (Vernon 2002). Douglas's petition here was filed January 14, 2004, before the 164th State District Court had declared Douglas to be a vexatious litigant. Thus, the trial court, in this case, could not enter a "prefiling order" prohibiting Douglas from filing "a new litigation in a court in this state." *See id.* at § 11.101; *see also id.* at § 11.103 (Vernon 2002) (stating that if clerk mistakenly files litigation without order from local administrative judge, any party may file with clerk and serve on plaintiff notice stating that plaintiff is vexatious litigant subject to prefiling order; court must immediately stay litigation and must dismiss litigation unless plaintiff, not later than tenth day after date that notice is filed, obtains order from local administrative judge under section 11.102 permitting filing of litigation).

*pria persona,* any new litigation in a Texas court without permission from a local administrative judge.[4] *See id.* § 11.101(a) (Vernon 2002). Although the April 15 order recited that there had been a hearing on ATC's vexatious-litigant motion, there is no record of the hearing on appeal.

On May 20, 2005, the trial court signed an order dismissing the 2004 lawsuit for failure to furnish the ordered security within the time set out in the vexatious-litigant order. *See id.* § 11.056 (Vernon 2002).

### Vexatious–Litigant Order

In points of error one, two, three, and four,[5] Douglas argues that the trial court abused its discretion by granting ATC's vexatious-litigant motion, thereby causing the 2004 lawsuit to be dismissed for his failure to comply with the order on that motion.[6] Specifically, Douglas argues that ATC failed to produce any evidence that Douglas did not have a reasonable probability of prevailing on his cause of action and that he was attempting to re-litigate the validity of a prior judgment.

### A. Standard of Review

■■■ Civil Practice and Remedies Code chapter 11 concerns suits brought by vexatious litigants. TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.001–11.056 (Vernon 2002). We review a trial court's declaration of a vexatious litigant under an abuse-of-discretion standard. *Nell Nations Florist v. Vanguard Underwriters Ins. Co.,* 141 S.W.3d 668, 670 (Tex.App.-San Antonio 2004, no pet.); *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.054–.056. The test for an abuse of discretion is whether the court acted arbitrarily or unreasonably and without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985).

### B. Section 11.054: Criteria for Finding Plaintiff To Be A Vexatious Litigant

The vexatious-litigant statute provides that, on or before the 90th day after the date that a defendant files an original answer, the defendant may move the court

---

4.  The trial court recited in the April 15 order that "AFTER NOTICE AND HEARING, having found that RALPH O'HARA DOUGLAS is a vexatious litigant under section 11.101 of the Civil Practice and Remedies Code, THE COURT PROHIBITS him from filing, *in propria persona,* a new litigation in a court in this State unless the local administrative judge of the court in which he intends to file the litigation has granted permission to do so under section 11.102 of the Civil Practice and Remedies Code." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101–.102 (Vernon 2002).

5.  Douglas argues in point of error one that "[t]he trial court abused its discretion in granting [ATC's] cause." In point of error two, he argues that "[t]he trial court erred in granting [ATC's] cause." In point of error three, Douglas argues that "[ATC's] motion for vexatious litigant is legally and factually insufficient." In point of error four, Douglas argues that "[t]here is no evidence to support

[ATC's] cause." Although he lists four separate points of error, Douglas addresses them together in the argument section of his brief.

6.  ATC argues in its brief that Douglas is complaining about the wrong order. ATC contends that Douglas should be appealing the May 20, 2005 dismissal order and not the vexatious-litigant order. Douglas's notice of appeal stated that he was appealing "[t]he judgment that was signed May 20, 2005." Douglas's notice of appeal was filed after the trial court entered a final judgment. Consequently, the interlocutory vexatious-litigant order merged into the final judgment and is appealable. *See Webb v. Jorns,* 488 S.W.2d 407, 408–09 (Tex.1972) (interlocutory order merges into final judgment and becomes final for purposes of appeal). Thus, we have jurisdiction over this appeal.

for an order that determines whether the plaintiff is a vexatious litigant and that requests that the court require the plaintiff furnish security during the pendency of his suit. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 11.051. This filing stays the litigation until the court rules on the merits of the motion. *See id.* § 11.052(b). The statute requires the court to conduct a hearing to determine whether to grant the motion. *See id.* § 11.053. Although there is no record of a hearing, the trial court recited in its April 15 order that there was a hearing. Douglas does not complain on appeal that there was not a hearing.

A trial court has authority to declare a litigant vexatious pursuant to Texas Civil Practice and Remedies Code section 11.054, which states:

A court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that:

(1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been:

(A) finally determined adversely to the plaintiff;

(B) permitted to remain pending at least two years without having been brought to trial or hearing; or

(C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure;

(2) after a litigation has been finally determined against the plaintiff, the

plaintiff repeatedly relitigates or attempts to relitigate, in propria persona, either:

(A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or

(B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined; or

(3) the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition [sic], or occurrence.

*Id.* § 11.054.

Thus, in addition to the first requirement that there not be a reasonable probability that the plaintiff will prevail in the litigation against the defendant, the vexatious-litigant statute has a second requirement that the defendant prove one of three grounds before a trial court can declare a plaintiff a vexatious litigant. *See id.* § 11.054(1)-(3).

**1. Pleaded Grounds in Vexation–Litigant Motion**

■ In its vexatious-litigant motion, ATC cited to subsection two of section 11.054. Douglas argues that the 2004 lawsuit, in which he asserted a cause of action for failure to produce documents, was not an attempt to re-litigate the validity of the determination of the 2003 lawsuit, which concerned a breach-of-contract cause of action. *See id.* § 11.054(2)(A). He also contends that he was not relitigating the cause of action, claim, controversy, or any

of the issues of fact or law determined or concluded against him in the 2003 lawsuit. *See id.* § 11.054(2)(B).

Although the same defendant, ATC, was involved in both lawsuits, we conclude that the cause of action, claim, and controversy of the 2003 lawsuit were different from those of the 2004 lawsuit. In the 2003 lawsuit, Douglas sued ATC for breach of contract related to a property located at 4703 Sauer.[7] ATC filed a summary judgment motion in the 2003 lawsuit, with supporting evidence attached, asserting that it was entitled to judgment as a matter of law because it had no duty to close the real-estate transaction.[8] By contrast, in the 2004 lawsuit, Douglas sued ATC for failure to produce documents for properties located at 5646 Belmark ("Belmark"), 3406 Milbrad ("Milbrad"), 11515 Lockgate ("Lockgate").[9]

Although not articulated by ATC, the best argument that there was a commonality between the 2003 lawsuit and the 2004 lawsuit is an allegation that ATC acted wrongfully in both situations at the behest of the DA's office. However, ATC's motion for summary judgment in the 2003 lawsuit contradicts that position. ATC stated unequivocally in its motion for summary judgment in the 2003 lawsuit that that lawsuit had nothing to do with Douglas's criminal case. ATC stated, "DOUGLAS contends that [ATC] negligently al-

lowed [itself] to be misled by the Harris County District Attorney's Office into breaching a contract to close because the [Sauer] property was not described in the indictment that resulted in his conviction and incarceration, *but DOUGLAS's criminal involvement had nothing to do with the failure of the proposed transaction to close.* He did not have title to the property." (Emphasis added.) In addition, Douglas did not allege that ATC's wrongful conduct in the 2004 lawsuit was caused by the DA's office. In fact, in his petition for the 2004 lawsuit, Douglas acknowledged that the DA's office had subpoenaed the records for the properties located at Belmark, Milbrad, and Lockgate, but that ATC had omitted material documents.

Additionally, Douglas's criminal trial for fraudulent real-estate transactions itself cannot be considered as falling under subsection (2)(B) because the criminal trial did not involve the *same parties.* The State prosecuted Douglas in his criminal trial, and ATC was not involved as a party.

Accordingly, ATC did not prove that subsection two of section 11.054 of the Texas Civil Practice and Remedies Code applied.

**2. Unpleaded Grounds in Vexation–Litigant Motion**

■ Assuming without deciding that the trial court could have granted ATC's vexa-

---

7. Douglas specifically alleged in his petition that "due to ATC's failure to close on the property located at 4703 Sauer, [Douglas] lost his total investment in the property, and the property itself." In the 2004 lawsuit, Douglas sued ATC for failure to produce mortgage records, alleging in his petition that "[i]mmediately after being indicted, [Douglas] contacted [ATC] to obtain copies of his mortgage records. [ATC] failed to produce the records [for the properties located at different locations]."

8. Specifically, ATC asserted that it had no such duty because Douglas (1) did not have title to the Sauer property, (2) was undertaking to sell property that he did not own, and (3) did not fund his proposed repurchase of the property.

9. In the criminal trial, Douglas was indicted for real-estate fraud on the three properties located at Belmark, Milbrad, and Lockgate.

tious-litigant motion on a ground not alleged in its petition, we turn to the other grounds under which Douglas might have been found a vexatious litigant. Subsection one of section 11.054 states:

> (1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been:
>
> > (A) finally determined adversely to the plaintiff;
> >
> > (B) permitted to remain pending at least two years without having been brought to trial or hearing; or
> >
> > (C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure; . . . .

TEX. CIV. PRAC. & REM.CODE ANN. § 11.054(1).

Although the record contains evidence of 16 prior cases that Douglas filed, ATC failed to submit any evidence that at least five of those litigations had commenced in the seven-year period immediately preceding the date that ATC filed its vexatious-litigant motion. *See id.* § 11.054(1). ATC also failed to offer proof that five of these 16 prior cases were either (1) finally determined adversely to the plaintiff, (2) permitted to remain pending at least two years without having been brought to trial or hearing, or (3) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure. *See id.* We conclude that the trial court could not have properly granted

ATC's vexatious-litigant motion under subsection one.

■ The final alternate ground under which Douglas could have been found a vexatious litigant is subsection three of section 11.054, which states:

> (3) the plaintiff has previously been declared to be a vexatious litigant by a state or federal court *in an action or proceeding based on the same or substantially similar facts, transition [sic], or occurrence.*

*Id.* § 11.054(3) (emphasis added).

Even if the trial court had based its finding on the 164th district court's vexatious-litigant finding in the *Quaker Home Fin. Serv's, Inc.* case,[10] there was no evidence offered to establish that the *Quaker Home Fin. Serv's, Inc.* case and the instant case were "based on the same or substantially similar facts, transition [sic], or occurrence," as is required by section 11.054(3). *See* TEX. CIV. PRAC. & REM.CODE ANN. § 11.054(3); *see also Devoll v. State,* 155 S.W.3d 498, 502–03 (Tex.App.-San Antonio 2004, no pet.) (holding that in absence of any evidence establishing that previous proceeding in which plaintiff had been declared vexatious litigant was based on the same or substantially similar, fact, transaction, or occurrence as instant case, trial court abused its discretion in relying on previous proceeding's vexatious-litigant order). Accordingly, we conclude that the trial court could not properly have granted ATC's vexatious-litigant motion under subsection three. *See Devoll,* 155 S.W.3d at 502–03; TEX. CIV. PRAC. & REM.CODE ANN. § 11.054(3).

## C. Ruling

■ Because ATC did not prove the second requirement of section 11.054 of the

---

10. The list of vexatious litigants included Douglas in cause number 2003–25950, the 164th district court in *Douglas v. Quaker Home Fin. Serv's*

Texas Civil Practice and Remedies Code, the trial court abused its discretion by granting ATC's motion to declare Douglas a vexatious litigant.[11]

We sustain Douglas's points of error one, two, three, and four.

## Conclusion

We reverse the judgment of the trial court and remand the cause.

---

**11.** To the extent that ATC argues that Douglas's petition in the 2004 lawsuit did not allege a cause of action upon which relief could be granted, ATC should have filed a special exception and given Douglas an opportunity to amend his pleadings. A special exception is a proper method to determine whether a plaintiff has pleaded a cause of action. *Alpert v. Crain, Caton & James, P.C.,* 178 S.W.3d 398, 405 (Tex.App.-Houston [1st Dist.] 2005, pet. denied). ATC waived complaints on appeal concerning Douglas's pleading, when no special exceptions were tendered. *See* Tex.R. Civ. P. 90.