**Opinion issued January 15, 2015.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00909-CV

_____

**PATRICIA ANN POTTS , Appellant**

**V.**

**SHARON BURGER, Appellee**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1048272**

---

## MEMORANDUM OPINION

Appellant, Patricia Ann Potts, proceeding pro se, has filed a notice of restricted appeal, attempting to challenge an order dismissing her appeal below for a trial de novo from a justice court to the county court at law. Because appellant

has not complied with the statute governing vexatious litigants, we dismiss the appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.001–11.104 (West 2002 & Supp. 2014).

"A court may, on its own motion or the motion of any party, enter an order prohibiting a person from filing, pro se, a new litigation in a court to which the order applies under this section without permission of the appropriate local administrative judge . . . if the court finds, after notice and hearing . . ., that the person is a vexatious litigant." *Id.* § 11.101(a) (West Supp. 2014). And, the Clerk of this Court may not file an appeal presented by a vexatious litigant subject to a pre-filing order under section 11.101 unless the litigant obtains an order from the appropriate local administrative judge permitting the filing. *Id.* § 11.103(a); *see id.* § 11.102 (providing for permission by local administrative judge).

The Office of Court Administration ("OCA") of the Texas Judicial System is required to post a list of vexatious litigants subject to pre-filing orders on its website. *See id.* § 11.104(b). The OCA website reflects that, on February 16, 2010, the 11th District Court of Harris County declared appellant a vexatious litigant and signed a prefiling order in *Potts v. Harvey*, No. 2009-74161. *See* http://www.txcourts.gov/judicial-data/vexatious-litigants.aspx (listing vexatious litigants subject to prefiling orders); *Douglas v. Am. Title Co.*, 196 S.W.3d 876, 878 n.2 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (taking judicial notice of

2

Harris County record of vexatious litigants); *see also In re Potts*, No. 14-13-00562-CV, 2013 WL 3871031, at \*1 (Tex. App.—Houston [14th Dist.] July 23, 2013, orig. proceeding) (mem. op.) (noting a Harris County district court determined that appellant is vexatious litigant and is on vexatious litigants list). Accordingly, appellant is subject to a pre-filing order under section 11.101.

On December 2, 2014, the Clerk of this Court notified appellant that her appeal was subject to dismissal unless, within fourteen days of the date of the order, she filed proof that she had obtained an order from the appropriate local administrative judge permitting the filing of this appeal.[1] *See* TEX. R. APP. P. 42.3; *McCray v Prudential Ins.*, No. 14-12-00860-CV, 2012 WL 5586804, at \*1 (Tex. App.—Houston [14th Dist.] Nov. 15, 2012, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction after providing notice of intent to dismiss because vexatious-litigant appellant failed to provide copy of order permitting filing of appeal); *see also Kastner v. Harris County*, No. 01-12-00504-CV, 2013 WL 1618325, at \*1–2 (Tex. App.—Houston [1st Dist.] April 16, 2013, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction upon appellees filing of notice stating that appellant was vexatious litigant). Appellant did not adequately respond to the notice.

---

[1] This appeal is not an appeal from an order declaring appellant a vexatious litigant. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(d) (West Supp. 2014).

Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 42.3; *McCray*, 2012 WL 5586804, at *1. We dismiss all other pending motions as moot.


**PER CURIAM**


Panel consists of Justices Jennings, Massengale, and Lloyd.