**Opinion issued December 20, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-16-00877-CV

_____

## IN RE CEDRIC D. BROWN, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator, Cedric D. Brown, proceeding pro se and incarcerated, filed a petition

for writ of mandamus on November 7, 2016.[1] Relator seeks to have this Court issue

an order for either the respondent trial court or the district clerk to mail a copy of the

clerk's record to relator so that he can prepare his brief in the related appellate cause

---

[1] The underlying proceeding is *Cedric D. Brown v. Shirley J. Preston*, Cause No. 2014-62252, in the 234th District Court, Harris County, the Honorable Wesley Ward presiding.

number 01–16–00556–CV, arising from the same trial court cause number 2014-62252, because he has not yet received that record.

To the extent that relator seeks mandamus relief against the district clerk, we lack jurisdiction to issue a writ of mandamus directed at the district clerk because the requested writ neither is against a judge nor is necessary to enforce our appellate jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (West Supp. 2016). To the extent that relator seeks mandamus relief against the trial judge as respondent, we dismiss this petition as moot.

"We may take judicial notice of our own records involving the same parties and subject matter." *Douglas v. Am. Title Co.*, 196 S.W.3d 876, 877 n.1 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citation omitted). On November 1, 2016, this Court's Order in the related appellate cause number 01–16–00556–CV ordered the Clerk of this Court to deem appellant indigent, and ordered the district clerk to mail a copy of the clerk's record within 10 days of that Order, and to certify when delivery is made within 15 days of that Order. Because it appeared that this petition may have become moot after relator had received all the relief requested in his petition, this Court issued an Order and Notice of Intent to Dismiss for Want of Jurisdiction on November 15, 2016. *See Tex. A&M Univ.–Kingsville v. Yarbrough*, 347 S.W.3d 289, 290–91 (Tex. 2011). Relator timely filed a response on December

2

1, 2016, contending that the petition was not moot because, as of the date of his response, November 25, 2016, he had yet to receive the clerk's record.

On December 6, 2016, the district clerk filed an information sheet in this Court, under the related appellate cause number 01–16–00556–CV, attaching a U.S. Postal Service printout confirming that the clerk's record was delivered to relator on December 2, 2016. Thus, because the clerk's record has been delivered to relator, which is the only relief requested in his petition, we dismiss this petition as moot. *See, e.g.*, *In re Jackson*, No. 01–12–00020–CV, 2012 WL 405707, at *1 (Tex. App.—Houston [1st Dist.] Feb. 9, 2012, orig. proceeding) (mem. op.) (dismissing mandamus petition as moot after relator received relief requested).

Accordingly, we dismiss the petition for writ of mandamus as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Lloyd.