**Opinion issued August 29, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-19-00051-CV

_____

**REYNALDO MORALES, Appellant**

**V.**

**TRAVELERS INDEMNITY CO., Appellee**

On Appeal from the 165th District Court
Harris County, Texas
Trial Court Case No. 2016-02771

## MEMORANDUM OPINION

Appellant Reynaldo Morales filed a "request for review" on January 8, 2019, in the appellate court complaining of his inability to reply to defendant's response to Morales's motion for new trial. We dismiss the appeal for lack of jurisdiction.

The clerk's record indicates that a final judgment was signed on March 8, 2016. Motion for new trial was filed almost a year later, on February 21, 2017. The notice of appeal was filed almost two years later, on January 8, 2019.

A notice of appeal is timely if filed within thirty days of the date the final judgment is signed, or if a timely motion for new trial is filed, within ninety days of the date the final judgment is signed. *See* /TEX. R. APP. P. 26.1. A motion for new trial is timely if filed within thirty days of the date the judgment is signed. *See* TEX. R. APP. P. 329b(a).

The clerk's record indicates that appellant's motion for new trial was not timely filed, and thus, his notice of appeal, filed on January 8, 2019, was also untimely filed. An appellate court may extend the time to file a notice of appeal if the appellant files his notice of appeal within the fifteen-day period after the filing deadline and files a motion for extension. *See* TEX. R. APP. P. 26.3. But appellant did not file his notice of appeal within the fifteen-day period after the notice of appeal was due. Appellant's notice of appeal was filed almost three years after it was due.

The deadline for filing the notice of appeal is jurisdictional and unless appellant timely files a notice of appeal, we must dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 25.1(b); 42.3(a). We previously notified appellant

2

of our intent to dismiss this appeal for want of jurisdiction, and appellant filed several responses, none of which demonstrated that this Court has jurisdiction.[1]

Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Hightower, and Countiss.

---

[1] Even if appellant is not appealing the March 2016 judgment, but is attempting to appeal his inability to timely reply to defendant's response to appellant's untimely motion for new trial, we would still have no jurisdiction because our jurisdiction is limited to appeals from final judgments or interlocutory orders that have been made appealable by statute. *See Scripps NP Operating, LLC v. Carter*, 573 S.W.3d 781, 788 (Tex. 2019).Appellant's inability to timely reply to a response to a motion for new trial is not an appealable order or judgment.

Additionally, appellant was adjudicated a vexatious litigant by the trial court in this case on March 28, 2016. *See* Office of Court Administration List of Vexatious Litigants Subject to Pre-Filing Orders under Section 11.101, Civil Practice and Remedies Code, *available at* http://www.txcourts.gov/media/1337456/Reynaldo-Morales-No-2016-02771.pdf (last viewed on August 20, 2019); *see also* TEX. CIV. PRAC. & REM. CODE § 11.104(b) (requiring office of court administration to maintain and post list of vexatious litigants on agency's website); *Douglas v. Am. Title Co.*, 196 S.W.3d 876, 878 n.2 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (taking judicial notice of Harris County record of vexatious litigants).

The Clerk of this Court may not file an appeal presented by a vexatious litigant subject to a pre-filing order unless the litigant first obtains an order from the local administrative judge permitting the filing of the appeal or the appeal is from a pre-filing order designating the person a vexatious litigant. *See* TEX. CIV. PRAC. & REM. CODE § 11.103(a). Appellant is not appealing from a pre-filing order designating him a vexatious litigant. *See id.* § 11.103(d). The clerk's record contains no permission to appeal.

3