Opinion issued March 12, 2020



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-20-00008-CV

———————————

## ALI YAZDCHI, Appellant

## V.

## MAKANSAM INC. D/B/A IDEAL TOWING, Appellee

On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Case No. 1133779

## MEMORANDUM OPINION

Appellant, Ali Yazdchi, attempts to appeal the trial court's order signed October 2, 2019. We dismiss the appeal for lack of jurisdiction.

The Office of Court Administration website lists all vexatious litigants subject to prefiling orders. See Office of Court Administration, *List of Vexatious Litigants*

*Subject to Prefiling Order*, https://www.txcourts.gov/judicial-data/vexatious-litigants/ (list last updated March 4, 2020); *see also* TEX. CIV. PRAC. & REM. CODE § 11.104(b) (requiring office of court administration to maintain list and post list of vexatious litigants on agency's website). Appellant is one such litigant. This list contains three pre-filing orders concerning appellant: (1) one signed on April 28, 2015 in *Ali Yazdchi v. Mike Jones and Sam Adamo*, Cause No. 2015-05013, in the 11th District Court of Harris County; (2) another signed on July 10, 2015, with an amended order signed January 15, 2016, in *Ali Yazdchi v. Wells Fargo Bank N.A.*, Cause No. 2015-11585 in the 215th District Court of Harris County; and (3) another signed on July 15, 2015, in *Ali Yazdchi v. BBVA Compass Bank*, in Cause No. 2015-05657, in the 151st District Court in Harris County. *See* Office of Court Administration, *List of Vexatious Litigants Subject to Pre-Filing Orders* under Section 11.101, Texas Civil Practice and Remedies Code, available at:

https://www.txcourts.gov/media/950960/Ali-Yazdchi-Case-No-2015-05013.pdf;

https://www.txcourts.gov/media/1278447/Ali-Yazdchi-Case-No-2015-11585-01_15_2016.pdf;

https://www.txcourts.gov/media/1029372/Ali-Yazdchi-Case-No-2015-05657.pdf

*See also Douglas v. Am. Title Co.*, 196 S.W.3d 876, 878 n.2 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (taking judicial notice of Harris County record of vexatious litigants).

The Clerk of this Court may not file an appeal presented by a vexatious litigant subject to a prefiling order unless (1) the litigant first obtains an order from the local administrative judge permitting the filing or (2) the appeal is from a prefiling order designating the person a vexatious litigant. *See* TEX. CIV. PRAC. & REM. CODE § 11.103(a), (d). Appellant's appeal is not an appeal from the prefiling order designating him a vexatious litigant. Thus, appellant may not proceed with his appeal unless the local administrative judge permitted this filing.

This Court issued a notice to appellant advising him that we would dismiss his appeal unless he responded within 10 days with proof that, before filing the appeal, he had obtained an order from the local administrative judge permitting the appeal. Appellant filed a response on February 14, 2020 that was also a Notice of Representation and Appearance of counsel, advising this Court that he was now represented by retained counsel, Byron Steele. Appellant asserted that Section 11.103 does not apply because under Section 11.002, the vexatious litigant chapter is inapplicable to a licensed attorney.

Section 11.002 states that Chapter 11, concerning vexatious litigants, "does not apply to an attorney licensed to practice law in this state unless the attorney

3

proceeds pro se." TEX. CIV. PRAC. & REM. CODE § 11.002(a). However, at the time appellant filed his notice of appeal he was not represented by counsel. Thus, Chapter 11 and Section 11.103 applied. Because appellant did not obtain an order from the appropriate local administrative judge permitting the filing of his pro se notice of appeal, we must dismiss the appeal. *See* TEX. CIV. PRAC. & REM. CODE § 11.103(a); *Kastner v. Fulco*, No. 01–13–00100–CV, 2013 WL 6157392, at *1–2 (Tex. App.— Houston [1st Dist.] Nov. 21, 2013, no pet.) (dismissing appeal after providing notice of intent to dismiss because vexatious litigant appellant failed to provide copy of order permitting filing of appeal); *McCray v. Prudential Ins*., No. 14–12–00860– CV, 2012 WL 5586804, at *1 (Tex. App.—Houston [14th Dist.] Nov. 15, 2012, no pet.) (same).

Accordingly, we dismiss the appeal.  *See* TEX. R. APP. P. 42.3(a); 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Kelly and Goodman.