**Opinion issued March 24, 2020**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-20-00094-CV

_____

## DARRELL J. HARPER, Appellant

## V.

## STATE OF TEXAS, Appellee

---

**On Appeal from the 165th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-05008**

---

## MEMORANDUM OPINION

Appellant, Darrell J. Harper, attempts to appeal the trial court's undetermined action that occurred on January 27, 2020. We dismiss the appeal for lack of jurisdiction.

Appellant has been declared a vexatious litigant and is subject to a prefiling order. Accordingly, appellant may not proceed with an appeal without a permission order from the local administrative judge. Because appellant has not obtained such an order, we dismiss the appeal.

The Office of Court Administration website lists all vexatious litigants subject to prefiling orders. See Office of Court Administration, *List of Vexatious Litigants Subject to Prefiling Order*, http://www.txcourts.gov/judicial-data/vexatious-litigants/ (list last updated January 23, 2020); *see also* TEX. CIV. PRAC. & REM. CODE § 11.104(b) (requiring office of court administration to maintain list and post list of vexatious litigants on agency's website). Appellant is one such litigant. This pre-filing order was signed on January 20, 2015, in *Darrell J. Harper v. State of Texas*, Cause No. D-1-GN-14-004224 in the 201st District Court of Travis County, Texas. *See* Office of Court Administration List of Vexatious Litigants Subject to Pre-Filing Orders under Section 11.101, Civil Practice and Remedies Code, available at http://www.txcourts.gov/media/843678/Darrell-Harper.pdf (last viewed February 6, 2020); *see also Douglas v. Am. Title Co.*, 196 S.W.3d 876, 878 n.2 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (taking judicial notice of Harris County record of vexatious litigants).

The Clerk of this Court may not file an appeal presented by a vexatious litigant subject to a prefiling order unless (1) the litigant first obtains an order from the local administrative judge permitting the filing or (2) the appeal is from a prefiling order designating the person a vexatious litigant. *See* TEX. CIV. PRAC. & REM. CODE § 11.103(a), (d). Appellant's appeal is not an appeal from the prefiling order designating him a vexatious litigant. Thus, appellant may not proceed with his appeal unless the local administrative judge permitted this filing.

This Court issued a notice to appellant advising him that we would dismiss his appeal unless he responded within 10 days with proof that, before filing the appeal, he had obtained an order from the local administrative judge permitting the appeal. Appellant did not adequately respond to the notice and the record is devoid of any order permitting the filing of the appeal.

Because appellant fails to make the requisite showing that the local administrative judge permitted the appeal, we dismiss the appeal. *See Kastner v. Fulco*, No. 01–13–00100–CV, 2013 WL 6157392, at *1–2 (Tex. App.—Houston [1st Dist.] Nov. 21, 2013, no pet.) (dismissing appeal after providing notice of intent to dismiss because vexatious litigant appellant failed to provide copy of order permitting filing of appeal); *McCray v. Prudential Ins.*, No. 14–12–00860–CV, 2012 WL 5586804, at *1 (Tex. App.—Houston [14th Dist.] Nov. 15, 2012, no pet.) (same).

Accordingly, we dismiss the appeal.  *See* TEX. R. APP. P. 42.3(a); 43.2(f).

We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Kelly and Goodman.