COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      In the Interest of K.L.W., a Child

Appellate case number:    01-18-00485-CV

Trial court case number:   2017-02559J

Trial court:               314th District Court of Harris County

On December 5, 2018, the Court affirmed the trial court's final decree for termination in a suit brought by the Department of Family and Protective Services, terminating the parental rights of appellants, R.D.W., father, and B.B.C., mother. The Court's judgment also issued December 5, 2018. Appellants filed a motion for rehearing and motion for en banc reconsideration of the Court's December 5, 2018 opinion, both of which were denied on December 20, 2018.

Intermediate appellate courts, such as this Court, retain plenary power over an appeal for a period of: (1) sixty days after its judgment is entered if no timely filed motion for rehearing or motion for en banc reconsideration is filed, or (2) thirty days after the appellate court overrules all timely filed motions for rehearing or motions for en banc reconsideration. *See* TEX. R. APP. P. 19.1. Generally, once an intermediate appellate court's plenary power expires, it lacks jurisdiction, or any authority, to take any action in an appeal. *See Nunu v. Risk*, 612 S.W.3d 645, 655 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (dismissing appeal for lack of jurisdiction where plenary power of intermediate appellate court expired).

Once an intermediate appellate court's plenary power expires, the appellate court's jurisdiction is limited, and the appellate court may only take those actions specifically identified and prescribed in rule 19.3 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 19.3. Notably, none of the permitted post-plenary power bases set forth in rule 19.3 apply here.

As noted above, the Court issued the judgment in this appeal on December 5, 2018 and appellants' motion for rehearing and motion for en banc reconsideration were denied by the Court on December 20, 2018. Accordingly, the Court's plenary power over this appeal expired on January 22, 2019. *See* TEX. R. APP. P. 19.1(b). Stated another way, as of January 22, 2019, this Court has had no jurisdiction, and has lacked any authority, to

take any action in this case under any circumstances, except as expressly permitted by Texas Rule of Appellate Procedure 19.3.

Despite that fact, appellants have filed numerous motions and requests for relief since the Court's plenary power expired. In response to these filings, the Court has notified appellants, as we do again in this order, that the Court lacks authority to take any action on the filings. The Court has issued orders to this effect on at least three occasions, including: (1) a March 12, 2019 order on appellants' "Plea to the Jurisdiction" and "Motion to Withdraw Judgment and Dismiss Appeal for Want of Jurisdiction," (2) a March 3, 2022 order on appellants' "Motion for a Hearing to Appear to Explain to Plan or 'Scheme' how the Judgment was to be 'Obtained' or 'Procured'," appellants' "Amended Motion to Re[c]all Mandates," and appellants' "Motion for Order for Court Directing the Clerk of the Court to Correct the First Two (2) Docket Entries on the Website in this Appeal to Correctly Reflect that on June 6, 2018, an Attorney Who Filed No Appearance of Counsel Filed in the In[i]tials of B.B.C. A) 'First Amended Notice of Appeal Filed in the Trial Court' ([s]ee Texas Rules of Appellate Procedure, Rule 25.1(g)) from the Incorrect Entry that He Filed in the Trial Court Per Texas Rule of Appellate Procedure an Original Notice of Appeal [that had been] Filed in the Trial Court,[] Pursuant to Texas Rule of Appellate Procedure, Rule 25.1," and appellants' "Motions to Recall Mandates," and (3) a March 15, 2022 order on appellants' "Motions Motion for en banc Reconsideration of Order: 03-03-2022," and appellants' "Supplemental to Motion for en banc Reconsideration of Order."

Since the Court's March 15, 2022 order issued, appellants have filed several additional motions, including a March 15, 2022 filing, consisting of a printout of the Court's March 15, 2022 order with handwritten notes, entitled: "1. Motions for Voluntary Recusal and Involuntary Recusal of Justice Below Based on Willful Violation of Code of Judicial Conduct and Texas Rules of Civil Procedure," and "2. Motion to Reinstate in Supreme Court of Texas Number 18-1217," and "3. Complaint for Judicial Misconduct of Justice Guerra."

In addition to this March 15, 2022 filing, on March 18, 2022, appellants also submitted a 57-page document, including a cover letter which is 11 pages on its own, stating that the filing is entitled appellants' "Motion for Recusal, Number 01-18-00485-CV; Motion to Reinstate Case, Supreme Court Number 18-1217, and Complaint for Judicial Misconduct, based on Both Fraud Upon the Court and "Because [Texas Attorney Donald M. Crane] did not File a Motion for Extension of Time Under Rule 26.3, and [His] [Amended] Notice of Appeal was not Filed Within Twenty Days After the [Judge of] the Trial Court Signed the Final Order Terminating . . . Parental Rights, [His] Notice of Appeal was Untimely and [as We Have Already Explained Before Finding this Case Cited Below on Yesterday, that, Even if 'Treating' Such 'Amended Notice of Appeal' as an Original 'Notice of Appeal,' Still the legal Result is the Same Because be it an Amended Notice of Appeal or a Notice of Appeal both will have] Failed to Invoke the Jurisdiction of the Court of Appeals." Appellants' March 18, 2022 submissions appear to be in the form of email communications appellants sent to various individuals and entities.

2

Finally, on April 6, 2022, appellants filed a 74-page document, entitled appellants' "Complaint for Judicial Misconduct and Motions: (1) for Reconsideration En Banc, (2) for Rehearing (no reasons stated for conclusion; ergo, How Does one Show Oneself Entitled to Relief Based on a Memorandum Opinion Which Fail[s] and Refuses to Provide Both the Real Party/Litigant and Public and Taxpayers the Reasons Which Led the Panel to its Actions), and (3) for Panel Members to Recuse Themselves and Withdraw Their Memorandum Opinion Filed Herein–Assuming There was a Panel of Three Members and Not Merely a Single Justice Acting Alone Without any Other Member of the Court Aware and thus Participating."

As analyzed above, and as appellants have been notified on multiple occasions in this appellate cause number, the Court's plenary power over this appellate cause number expired on January 22, 2019. Because the Court's plenary power has expired, the Court has no jurisdiction, and as such, no authority to take any action on any filing in this case except as expressly permitted by Texas Rule of Appellate Procedure 19.3.

Absent plenary power, each of appellants' above-referenced motions must be **dismissed for lack of jurisdiction**.

We further note that appellant, R.D.W., has been declared a vexatious litigant and is the subject of three prefiling orders. The most recent prefiling order was signed on March 30, 2016 in *Prophet Ronald Dwayne Whitfield v. First Serv. Credit Union and Big Star Honda*, Cause No. 2015-45473, in the 295th District Court of Harris County, Texas. *See* Office of Court Administration List of Vexatious Litigants Subject to a Prefiling Order under chapter 11 of the Civil Practice and Remedies Code, *available at www.txcourts.gov/judicial-data/vexatious-litigants.aspx* (last viewed Feb. 24, 2022); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101 (requiring Office of Court Administration to maintain and post list of vexatious litigants on agency website); *Douglass v. Am. Title Co.*, 196 S.W.3d 876, 878 n.2 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (taking judicial notice of Harris County record of vexatious litigants).

In addition to being declared a vexatious litigant in Texas state courts, R.D.W. is also the subject of a "Preclusion Order" in the United States District Court for the Southern District of Texas, which bars him from filing any noncriminal actions in that court. In the Preclusion Order, the Southern District of Texas stated that R.D.W. has a "penchant for filing meritless and/or frivolous pro se federal lawsuits and appeals," which have "resulted in a multitude of monetary sanctions and preclusion orders against him in the Southern District of Texas and Fifth Circuit Court of Appeals." The Preclusion Order further concludes that R.D.W. has engaged in "repeated abuse of the judicial system."

As detailed in this order, despite being notified on multiple occasions that the Court is without jurisdiction or authority to take any further action, as the Court's plenary power expired approximately forty months ago, in January 2019, appellants, specifically, R.D.W., have engaged in a similar pattern of filing meritless and/or frivolous filings in this appellate cause number. Accordingly, for any future document submitted by appellants in this appellate cause number, the Court will not take such documents under consideration, and

will not issue any further orders related to such documents.  **The Clerk of this Court shall not file any future documents submitted by appellants in this appellate cause number and is directed to mark any such document as "received."**

It is so ORDERED.


Judge's signature: _____/s/ Amparo Guerra_____
                              Acting for the Court

Panel consists of: Justices Kelly, Goodman, and Guerra

Date:  ___April 21, 2022____