

# NUMBER 13-22-00341-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI — EDINBURG

---

## IN RE R. WAYNE JOHNSON

---

## On Petition for Writ of Mandamus.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Silva
### Memorandum Opinion by Justice Benavides[1]

Relator R. Wayne Johnson filed a pro se petition for writ of mandamus in the above-referenced cause. Relator's requested relief in this proceeding is unclear; however, he references a lack of jurisdiction, the unauthorized practice of law, and several opinions issued by this Court and others. *See generally, e.g.*, *In re Jaycox*, No. 13-14-00398-CR, 2014 WL 3538890 (Tex. App.—Corpus Christi–Edinburg July 15, 2014, orig.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

proceeding) (per curiam) (mem. op., not designated for publication) (denying mandamus relief for a pleading filed by relator as "a fellow inmate who is not a licensed attorney"); *In re Johnson*, No. 13-12-00024-CV, 2012 WL 171920 (Tex. App.—Corpus Christi–Edinburg Jan. 18, 2012, orig. proceeding) (per curiam) (mem. op.) (denying mandamus relief regarding an allegedly void order dismissing the underlying lawsuit for failure to obtain permission for suit as a vexatious litigant); *In re Johnson*, No. 06-12-00057-CV, 2012 WL 2094424 (Tex. App.—Texarkana June 12, 2012, orig. proceeding) (mem. op.) (discussing relator's status as a vexatious litigant and denying mandamus relief for claims regarding an allegedly void order).

The Texas Office of Court Administration (OCA) maintains a list of vexatious litigants. *See* Office of Court Administration*, List of Vexatious Litigants Subject to Prefiling Order*, *available at* https://www.txcourts.gov/judicial-data/vexatious-litigants (last visited July 22, 2022); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 11.104(b) (requiring OCA to maintain and post a list of vexatious litigants on the agency's website); *Douglas v. Am. Title Co.*, 196 S.W.3d 876, 878 n.2 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (taking judicial notice of records regarding vexatious litigants). Currently, relator appears on OCA's list of vexatious litigants by virtue of three separate orders issued in Bee County, Harris County, and Travis County. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.054, 11.101; *In re Casey*, 589 S.W.3d 850, 852 (Tex. 2019) (orig. proceeding) (per curiam) (stating that Texas's vexatious litigant statute permits a court to designate a plaintiff a vexatious litigant if the defendant proves that (1) in reasonable probability, the plaintiff will not prevail in the case against the defendant and (2) the plaintiff has a history of pro se

2

litigation covered by the statute).

A clerk of a court may not file a civil action commenced, maintained, or pending in any state or federal court by a vexatious litigant subject to a prefiling order under § 11.101 of the Texas Civil Practice and Remedies Code unless the litigant obtains an order from the appropriate local administrative judge, as described by § 11.102(a), permitting the filing. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.101(a), 11.102(a); *Nunu v. Risk*, 612 S.W.3d 645, 655–56 (Tex. App.—Houston [14th Dist.] 2020, no pet.). However, "[a] clerk of a court of appeals may file an appeal from a prefiling order entered under [§] 11.101 designating a person a vexatious litigant or a timely filed writ of mandamus under [§] 11.102" regarding a decision of the administrative judge denying the litigant permission to file litigation or conditioning permission to file litigation on the litigant's provision of security. TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(d).

Here, relator did not support his petition for writ of mandamus with an order from an appropriate administrative judge granting relator permission to proceed with the filing. *See id.* § 11.102. Accordingly, based on the foregoing, we dismiss relator's petition for writ of mandamus for lack of jurisdiction. *See id.* § 11.103(a); *see also In re Johnson*, No. 01-21-00611-CV, 2022 WL 210406, at *1 (Tex. App.—Houston [1st Dist.] Jan. 25, 2022, orig. proceeding) (per curiam) (mem. op.) (dismissing vexatious litigant's petition for writ of mandamus in the absence of an order from the local administrative judge granting permission for the filing); *In re Johnson*, No. 14-21-00314-CV, 2021 WL 2837189, at *1 (Tex. App.—Houston [14th Dist.] July 8, 2021, orig. proceeding) (per curiam) (mem. op.) (same); *In re Johnson*, No. 08-15-00162-CV, 2015 WL 3505177, at *1 (Tex. App.—El

3

Paso June 3, 2015, orig. proceeding) (mem. op.) (same).

GINA M. BENAVIDES
Justice

Delivered and filed on the
26th day of July, 2022.