Opinion issued November 8, 2022



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-20-00780-CV

_____

**ALI YAZDCHI, Appellant**

**V.**

**CARMEN GAGE, Appellee**

On Appeal from the 151st District Court
Harris County, Texas
Trial Court Case No. 2017-73236

## MEMORANDUM OPINION

Ali Yazdchi, proceeding pro se, attempts to appeal the trial court's order signed on August 18, 2020 dismissing the underlying proceeding for want of prosecution. We dismiss the appeal for lack of jurisdiction.

The Office of Court Administration website lists all vexatious litigants subject to prefiling orders. *See* Office of Court Administration, *List of Vexatious Litigants Subject to Prefiling Order*, https://www.txcourts.gov/judicial-data/vexatious-litigants (list last updated October 3, 2022); *see also* TEX. CIV. PRAC. & REM. CODE § 11.104(b) (requiring office of court administration to maintain list and post list of vexatious litigants on agency's website). Yazdchi is one such litigant. This list contains three pre-filing orders concerning Yazdchi:  (1) one signed on April 28, 2015 in *Ali Yazdchi v. Mike Jones and Sam Adamo*, Cause No. 2015-05013, in the 11th District Court of Harris County; (2) another signed on July 10, 2015, with an amended order signed January 15, 2016, in *Ali Yazdchi v. Wells Fargo Bank N.A.*, Cause No. 2015-11585 in the 215th District Court of Harris County; and (3) another signed on July 15, 2015, in *Ali Yazdchi v. BBVA Compass Bank*, in Cause No. 2015-05657, in the 151st District Court in Harris County. *See* Office of Court Administration, *List of Vexatious Litigants Subject to Pre-Filing Orders* under Section 11.101, Texas Civil Practice and Remedies Code, available at:

https://www.txcourts.gov/media/950960/Ali-Yazdchi-Case-No-2015-05013.pdf;

https://www.txcourts.gov/media/1278447/Ali-Yazdchi-Case-No-2015-11585-01_15_2016.pdf;

https://www.txcourts.gov/media/1029372/Ali-Yazdchi-Case-No-2015-05657.pdf

*See also Douglas v. Am. Title Co*., 196 S.W.3d 876, 878 n.2 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (taking judicial notice of Harris County record of vexatious litigants).

The Clerk of this Court may not file an appeal presented by a vexatious litigant subject to a prefiling order unless (1) the litigant first obtains an order from the local administrative judge permitting the filing or (2) the appeal is from a prefiling order designating the person a vexatious litigant. *See* TEX. CIV. PRAC. & REM. CODE § 11.103(a), (d). Yazdchi's appeal is not an appeal from the prefiling order designating him a vexatious litigant. Thus, Yazdchi may not proceed with his appeal unless the local administrative judge permitted this filing.

This Court issued a notice to Yazdchi advising him that we would dismiss his appeal unless he responded with proof that, before filing the appeal, he had obtained an order from the local administrative judge permitting the appeal. Yazdchi filed a response asserting that the local administrative judge authorized Yazdchi to file a bill of review in *Yazdchi v. Gage*, 2010-50511. But even if Yazdchi were authorized to file a bill of review, he has failed to provide evidence of authorization to file an appeal from the subsequent dismissal of the action in *Yazdchi v. Gage*, 2017-73236.

3

Because Yazdchi has been declared a vexatious litigant and did not obtain an order from the appropriate local administrative judge permitting the filing of his pro se notice of appeal, we must dismiss the appeal. *See* TEX. CIV. PRAC. & REM. CODE § 11.103(a); *Kastner v. Fulco*, No. 01–13–00100–CV, 2013 WL 6157392, at *1–2 (Tex. App.—Houston [1st Dist.] Nov. 21, 2013, no pet.) (dismissing appeal after providing notice of intent to dismiss because vexatious litigant appellant failed to provide copy of order permitting filing of appeal); *McCray v. Prudential Ins.*, No. 14–12–00860–CV, 2012 WL 5586804, at *1 (Tex. App.—Houston [14th Dist.] Nov. 15, 2012, no pet.) (same).

Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a); 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Goodman and Hightower.