**Opinion issued December 7, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-20-00008-CV**

———————————

**ALI YAZDCHI, Appellant**

**V.**

**MAKANSAM INC. D/B/A IDEAL TOWING, Appellee**

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1133779**

---

## MEMORANDUM OPINION

Appellant Ali Yazdchi appeals the county court's dismissal of a lawsuit he filed. The county court dismissed the suit because Yazdchi failed to follow pre-filing rules required for vexatious litigants. *See* TEX. CIV. PRAC. & REM. CODE § 11.102(a) (requiring vexatious litigant to seek permission from local

administrative judge prior to filing new litigation). Yazdchi contends that the requirement does not apply because he was represented by counsel. We affirm.

## Background

Yazdchi has been declared a vexatious litigant and is the subject of more than one pre-filing order. A pre-filing order prohibits the litigant from filing new litigation in any court in the state without permission from a local administrative judge in each new case. *See* TEX. CIV. PRAC. & REM. CODE § 11.101. The most recent pre-filing order was signed on January 15, 2016, in *Ali Yazdchi v. Wells Fargo Bank, N.A.*, Cause No. 2015-11585 in the 215th District Court of Harris County, Texas. *See* Office of Court Administration List of Vexatious Litigants Subject to Pre-Filing Orders Under Section 11.101, Civil Practice and Remedies Code, *available at* https://www.txcourts.gov/media/1278447/Ali-Yazdchi-Case-No-2015-11585-01_15_2016.pdf (last viewed November 15, 2023); *see also* TEX. CIV. PRAC. & REM. CODE § 11.104(b) (requiring Office of Court Administration to maintain list and post list of vexatious litigants on agency's website); *Douglas v. Am. Title Co.*, 196 S.W.3d 876, 878 n.2. (Tex. App.—Houston [1st Dist.] 2006, no pet.) (taking judicial notice of Harris County record of vexatious litigants). A vexatious litigant subject to a pre-filing order under section 11.101 is prohibited from filing, pro se, new litigation without seeking the permission of a local administrative judge. *See* TEX. CIV. PRAC. & REM. CODE § 11.102(a).

In May 2018, Yazdchi sued appellee Makansam Inc. d/b/a/ Ideal Towing in justice court alleging unlawful towing caused damage to his vehicle. The justice court dismissed the case in March 2019 because Yazdchi did not seek permission before filing suit. In April 2019, Yazdchi moved for a new trial, and his motion was denied. In May 2019, Yazdchi appealed to the county court at law. In October 2019, the county court dismissed the appeal for failure to obtain a pre-filing order. The court noted that Yazdchi's notice of appeal was signed by him and included the name of an attorney underneath his signature, but the notice was not signed or e-signed by the attorney. The court also concluded that even if Yazdchi had not been prohibited from bringing the case, he failed to timely perfect his appeal. Yazdchi appeals.[*]

**Analysis**

On appeal, Yazdchi argues that the county court at law erred in dismissing his case because he did not need permission to file suit. He cites section 11.002, which states, "This chapter does not apply to an attorney licensed to practice law in this state unless the attorney proceeds pro se." TEX. CIV. PRAC. & REM. CODE § 11.002(a). Yazdchi argues that the vexatious litigant statute does not apply

---

[*] This court notified Yazdchi that his suit was subject to dismissal for want of jurisdiction unless he provided proof that he had obtained an order from the local administrative judge permitting the filing of this appeal. The record was supplemented with an order signed August 20, 2020 giving him permission to appeal.

because he hired an attorney who "filed [a] timely response to defendant['s] motion to dismiss."

The record does not reflect that Yazdchi was represented by counsel at the time he filed his suit. He filed his petition in justice court pro se in May 2019. The petition was dismissed for failure to follow pre-filing requirements for vexatious litigants. He then filed a pro se motion for new trial in the justice court, stating he needed time to hire an attorney. The record before the county court showed the name of an attorney beneath Yazdchi's signature on a notice of appeal. The attorney did not otherwise file documents or appear in the case.

Nothing in the record shows that Yazdchi had requested or obtained the permission of the local administrative judge before filing the litigation. Therefore, the county court did not err in dismissing the suit because Yazdchi failed to comply with the statutory pre-filing requirements for vexatious litigants. TEX. CIV. PRAC. & REM. CODE §§ 11.101–102.

Moreover, even if Yazdchi was represented by counsel in the county court, his appeal is inadequately briefed. The Rules of Appellate Procedure require appellate briefs to contain clear and concise arguments with appropriate citations to the record and supporting authorities. TEX. R. APP. P. 38.1(i). We construe briefs liberally and substantial compliance with the rules is sufficient. TEX. R. APP. P. 38.9. Yazdchi's appellate brief does not comport with the requirements of Rule

38.1, which requires an appellant to state the issues presented and make a clear and concise argument of his contentions with appropriate citations to legal authorities and the record. TEX. R. APP. P. 38.1(f) & (i). The brief also does not contain a statement of facts stating concisely, and without argument, the facts of the case that are pertinent to the issues raised including citations to the record for the facts cited. TEX. R. APP. P. 38.1(g).

## Conclusion

We affirm the judgment of the trial court.


Peter Kelly
Justice

Panel consists of Justices Kelly, Landau, and Farris.