**Opinion issued April 29, 2025**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-24-00909-CV**

———————————

**REYNALDO MORALES, Appellant**

**V.**

**TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, Appellee**

**On Appeal from the 165th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-54065**

**MEMORANDUM OPINION**

Proceeding pro se, appellant Reynaldo Morales has filed a notice of appeal in trial court cause number 2013-59065, without stating what judgment he is appealing but instead claiming he has suffered harassment from unspecified persons. Final judgment in case number 2013-59065 was signed on March 20, 2014. Morales

appealed this judgment in appellate case number 01-14-00429-CV and this Court affirmed the judgment. *See Morales v. Travelers Indem. Co. of Conn.*, No. 01-14-00429-CV, 2014 WL 7340374, at *1 (Tex. App.—Houston [1st Dist.] Dec. 18, 2014, pet. denied).

Morales has been declared a vexatious litigant and is the subject of a prefiling order. The pre-filing order was signed on March 28, 2016, in *Reynaldo Morales v. Travelers Indemnity Co. of Connecticut*, Cause No. 2016-02771 in the 165th District Court of Harris County, Texas. *See* Office of Court Administration List of Vexatious Litigants Subject to Pre-Filing Orders under Section 11.101, Civil Practice and Remedies Code, *available at* *https://www.txcourts.gov/judicial-data/vexatious-litigants* (list last updated April 17, 2025); *see also* TEX. CIV. PRAC. & REM. CODE § 11.104(b) (requiring office of court administration to maintain list and post list of vexatious litigants on agency's website); *Douglas v. Am. Title Co.*, 196 S.W.3d 876, 878 n.2 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (taking judicial notice of Harris County record of vexatious litigants). This prefiling order lists trial court cases including case number 2013-54065, which is the one in which Morales has filed the current appeal, supporting the determination that Morales was a vexatious litigant. The prefiling order requires the Harris County District Clerk to refuse the filing of any new

litigation by Morales unless he obtains written permission from the appropriate local administrative judge.

By statute, the Clerk of this Court may not file an appeal presented by a vexatious litigant subject to a prefiling order unless the litigant first obtains an order from the local administrative judge permitting the filing, or the appeal is from a prefiling order designating the person a vexatious litigant. *See* TEX. CIV. PRAC. & REM. CODE § 11.103(a). Morales is not appealing from a prefiling order designating him a vexatious litigant. *See id.* at § 11.103(d).

On December 12, 2024, the Court requested a special clerk's record containing an order from the local administrative judge permitting this appeal. A supplemental clerk's record, filed on January 9, 2025, indicated that no such order of permission existed. On January 16, 2025, the District Clerk filed a letter noting that Morales had provided no order from the administrative judge giving him permission to appeal.

On January 16, 2024, the Court notified Morales that the appeal was subject to dismissal unless he filed proof that he had obtained an order from the local administrative judge permitting the filing of this appeal or that this Court otherwise has jurisdiction over an appeal from the final judgment in trial court case number 2013-54065. Morales's response was due on January 27, 2025 but no response was filed.

Accordingly, we dismiss this appeal.  Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Gunn and Guiney.