**Petition for Writ of Mandamus Denied and Memorandum Opinion filed September 29, 2020.**



In The

# Fourteenth Court of Appeals

NO. 14-20-00182-CV

IN RE ALLISON BOOKER BROOKS, Relator

ORIGINAL PROCEEDING
WRIT OF MANDAMUS
County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 1124021

## MEMORANDUM OPINION

On March 5, 2020, relator Allison Booker Brooks filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable George Barnstone, presiding judge of the County Civil Court at Law No. 1 of Harris County, to set aside his October 1, 2019 order directing relator to pay for the cost of two

certificates of nonappearance and her deposition prior to the deposition having been taken.

In her petition, relator asserts that the October 1, 2019 order is void because the trial court does not have authority to impose discovery sanctions against a nonparty or to order a person to pay for a deposition not yet taken. *See In re White*, 234, 236–37 (Tex. App.—San Antonio 2007, orig. proceeding). Relator first urged these arguments in a motion for reconsideration filed in the trial court. Relator, however, withdrew her motion for reconsideration and, instead, pursued an appeal in this court, which was dismissed on April 2, 2020, for lack of a final, appealable judgment or a statute permitting an interlocutory appeal.[1] Therefore, the trial appellant has not given the trial court an opportunity to consider the arguments she raises in her petition for mandamus relief.

"Mandamus relief generally requires a predicate request for an action and a refusal of that request." *In re Le*, 335 S.W.3d 808, 814–15 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (citing *Axelson, Inc. v. McIlhaney*, 798 S.W.2d 550, 556 (Tex. 1990) (orig. proceeding)). "But, the requirement that there be a predicate request and adverse ruling is excused when such a request would have been futile and the trial court's refusal little more than a formality." *Id.* at 815. By withdrawing her motion for reconsideration, relator did not give the trial court an opportunity to consider the issues she now raises in this mandamus proceeding.[2] Nor

---

[1] *See Brooks v. Anchor Counseling & Assocs.*, No. 14-19-00829-CV, 2020 WL 1617622, at \*1 (Tex. App.—Houston [14th Dist.] Apr. 2, 2020, no pet.) (mem. op.).

[2] Relator stated in her response to a motion for sanctions filed in the appeal that it was within her rights to withdraw her motion for reconsideration. We can take notice of our own records in cases involving the same subject matter and the same or nearly the same parties. *See*

2

has relator shown that allowing the trial court to consider these issues would have been futile. Because relator has not shown that she satisfied the requirement of a predicate request and refusal by the trial court, relator has not established that she is entitled to mandamus relief. *See In re Thomas*, No. 14-19-00004-CV, 2019 WL 122943, at *1 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding) (mem. op.); *In re Office of Att'y Gen.*, No. 14-16-00662-CV, 2016 WL 5853304, at *1–2 (Tex. App.—Houston [14th Dist.] Oct. 6, 2016, orig. proceeding) (mem. op.); *In re Crestline Direct Fin., L.P.*, No. 14-16-00776-CV, Oct. 3, 2016, orig. proceeding) (mem. op.).

Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jewell and Spain.

---

*Hernandez v. Sommers*, 587 S.W.3d 461, 471 (Tex. App.—El Paso 2019, pet. denied); *Douglas v. Am. Title Co.*, 196 S.W.3d 876, 878 n.1 (Tex. App.—Houston [1st Dist.] 2006, no pet.).