**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed December 8, 2020.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-20-00774-CR**

**IN RE ROLAND  RAMOS, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**122nd District Court**
**Galveston County, Texas**
**Trial Court Cause No. 98CR0766**

## MEMORANDUM OPINION

On November 12, 2020, relator Roland Ramos filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to reverse an alleged order of the trial

court that allegedly improperly cumulated his sentences for his criminal convictions.[1]

Relator's petition does not comply with the rules regarding a proper record in an original proceeding. Tex. R. App. P. 52.3(j), 52.3(k)(1), 52.7(a); *see In re Hughes*, 607 S.W.3d 136, 137–38 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). While lack of such a record normally would leave the court with nothing before it on which to base a ruling, in this original proceeding we can take judicial notice of our opinion and judgment in *Ramos v. State*, No. 14-99-01197-CR, 2001 WL 1287359 (Tex. App.—Houston [14th Dist.] Oct. 25, 2001, pet. ref'd) (not designated for publication).[2] Relator was charged by three indictments with aggravated sexual assault of a child, J.A., in cause number 98CR0765; another aggravated sexual assault of the same child, J.A., in cause number 98CR0767; and indecency with a child, V.R., in cause number 98CR0766. *Id*. A jury found appellant guilty of all three charges and sentenced appellant to thirty years' confinement for the aggravated sexual assault of J.A., twenty-five years' confinement for the additional aggravated sexual assault of J.A., and fifteen years' confinement, for his acts of indecency with V.R.. *Id*. The trial court ordered the sentences in cause numbers 98CR0765 and 98CR0767 to run concurrently; however, the sentence in cause number 98CR0766, which involved a different victim, was ordered to commence after completion of the sentences in cause

---

[1] Relator also filed a motion for leave to file an application for writ of mandamus, which is no longer required by the Texas Rules of Appellate Procedure.

[2] An appellate court may take judicial notice of its own records in the same proceedings involving the same parties. *See In re Chaumette*, 456 S.W.3d 299, 303 n.2 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding); *Douglas v. Am. Title Co*., 196 S.W.3d 876, 878 n.1 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

numbers 98CR0765 and 98CR0767. *Id*. Relator appealed and our court issued an opinion and a judgment affirming the judgment of the trial court. *Id*.

The Texas Court of Criminal Appeals, however, has jurisdiction in final post-conviction habeas corpus proceedings. Tex. Code Crim. Proc. art. 11.07; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (by granting writ of mandamus to vacate judgment of conviction, court of appeals usurped exclusive authority of Court of Criminal Appeals to grant post-conviction relief). If an habeas-corpus applicant finds it necessary to complain about an action or inaction of the convicting court, the applicant may seek relief from the Texas Court of Criminal Appeals. *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). This court lacks jurisdiction over relator's complaints regarding his conviction that our court affirmed in 2001. *See In re Crum*, No. 04-20-00101-CR, 2020 WL 1159052, at *1 (Tex. App.—San Antonio Mar. 11, 2020, orig. proceeding) (per curiam) (mem. op., not designated for publication) (dismissing relator's petition for writ of mandamus because the court lacked jurisdiction over relator's complaints regarding his 2012 conviction).

There is nothing relator could include in an amended record that would alter the conclusion that this court has no subject-matter jurisdiction in light of this court's taking judicial notice of our previous opinion and judgment. Accordingly, we dismiss this proceeding for want of jurisdiction.


PER CURIAM

Panel consists of Justices Bourliot, Zimmerer, and Spain.
Do Not Publish — Tex. R. App. P. 47.2(b).

3