**Opinion filed December 18, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00131-CV

_____

## MARK CARROLL AND CHARLOTTE CARROLL, Appellants

## V.

## EMERALD RESIDENTIAL PROPERTY MANAGEMENT, Appellee

**On Appeal from the County Court at Law No. 1**
**Tarrant County, Texas**
**Trial Court Cause No. 2023-008652-1**

## O P I N I O N

Appellants, Mark and Charlotte Carroll (the Carrolls), appeal the trial court's order dismissing their claims against Appellee, Emerald Residential Property Management (Emerald), and its order declaring the Carrolls to be vexatious litigants. In three issues, which we reorder, the Carrolls assert error in: (1) the denial of the Carrolls' motion to recuse the trial court judge; (2) the dismissal of their claims

pursuant to Rule 91a of the Texas Rules of Civil Procedure; and (3) its determination that the Carrolls are vexatious litigants.[1]  *See* TEX. R. CIV. P. 91a.  We affirm.

## I. *Factual and Procedural History*

The Carrolls, acting pro se, sued Emerald for wrongful eviction, retaliation, conspiracy to commit fraud, failure to return security deposit, and intentional infliction of emotional distress (IIED), relating to the Carrolls' eviction from a residential property located in Euless (the residence).[2]  The Carrolls alleged that Emerald "orchestrated and participated in the unlawful eviction" of the Carrolls in a court proceeding and made misrepresentation to the trial court during that proceeding.  Relatedly, the Carrolls alleged that Emerald failed to send notices concerning lease violations to the proper address and failed to return the security deposit.  The Carrolls also maintained that the eviction proceeding was filed in retaliation for the Carrolls having requested repairs to the residence.  They alleged that Emerald engaged in a conspiracy to commit fraud by engaging in an ex parte communication with the trial court during the eviction proceeding.

The Carrolls attached to their first amended petition a judgment of eviction dated December 7, 2021, signed by the Tarrant County Justice of the Peace, Precinct Three.  The judgment ordered that the plaintiff, Michael D. Vargo, recover possession of the residence from the Carrolls and that a writ of possession issue.  The Carrolls also attached a request for a writ of possession dated January 31, 2022, filed by Vargo.  Finally, the Carrolls attached correspondence and documents detailing their participation in the Texas Rent Relief Program following the judgment of

---

[1]This appeal was transferred to this court from the Second Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. § 73.001 (West Supp. 2025).  Therefore, as the transferee court, we must decide the issues raised in this appeal in accordance with the precedent of the Second Court of Appeals if its precedent conflicts with ours.  *See* TEX. R. APP. P. 41.3.

[2]The Carrols' live pleading is their first amended petition.

eviction, including a check to Emerald dated December 20, 2021, with a reference to the residence.

Emerald filed a verified answer, denying the Carrolls' allegations, alleging a defect of parties, and claiming that the Carrolls' claims were "barred" because Emerald is not a party to any lease or contract with the Carrolls but served only as the contracted management company on behalf of the landlord. Emerald also asserted the defenses of res judicata and collateral estoppel, maintaining that it had obtained a dismissal with prejudice against the Carrolls on the same claims in a separate suit.

Emerald then filed a motion to declare the Carrolls vexatious litigants, which was supported by exhibits showing prior unrelated, unsuccessful litigation by Charlotte and a prior unsuccessful suit by the Carrolls against Emerald involving the same subject matter as the present suit. In particular, the Carrolls previously sued Emerald in justice court in Tarrant County asserting substantially the same claims, and that case was dismissed and not appealed. With respect to Charlotte, Emerald attached an exhibit showing that the Dallas County Court at Law No. 2 declared her to be a vexatious litigant. Emerald also presented evidence showing that Charlotte had filed seven pro se suits with adverse results within the last seven years. Emerald argued that there is no reasonable probability that the Carrolls would prevail against it on their wrongful eviction and related claims.

Emerald also filed a motion to dismiss pursuant to Rule 91a of the Texas Rules of Civil Procedure, arguing that there was no basis in law or fact for the Carrolls' claims against it because Emerald was not their landlord and the Carrolls did not allege a cognizable civil conspiracy or IIED claim. *See id.*

The Carrolls then filed a motion to recuse the trial court judge, alleging prior adverse rulings in cases where Charlotte was a party. The trial court referred the matter to the presiding judge of the eighth administrative judicial region, who

3

summarily denied the motion for failing "to state with detail and particularity facts that are within the affiant's personal knowledge" that would support recusal.

Following a hearing on Emerald's motion to dismiss, the trial court signed an order dismissing the Carrolls' claims. The trial court held a separate evidentiary hearing on Emerald's motion to declare the Carrolls vexatious litigants and its request for attorney's fees pursuant to its motion to dismiss. The trial court later signed orders declaring the Carrolls to be vexatious litigants and awarding Emerald attorney's fees. This appeal followed.

## II. *Recusal*

In their first issue, the Carrolls argue that the denial of their motion to recuse the trial court judge was erroneous.

### A. *Standard of Review and Applicable Law*

On appeal from the final judgment, we review an order denying a motion to recuse only for an abuse of discretion. *See id.* TEX. R. CIV. P. 18a(j)(1)(A). Rule 18a provides that a motion to recuse:

(1) must be verified;

(2) must assert one or more of the grounds listed in Rule 18b;

(3) must not be based solely on the judge's rulings in the case; and

(4) must state with detail and particularity facts that:

> (A) are within the affiant's personal knowledge, except that facts may be stated on information and belief if the basis for that belief is specifically stated;
>
> (B) would be admissible in evidence; and
>
> (C) if proven, would be sufficient to justify recusal or disqualification.

*Id.* R. 18a(a). The respondent judge must, within three business days, either sign an order of recusal or refer the motion to the regional presiding administrative judge.

4

*Id.* R. 18a(f). The regional presiding judge may deny the motion without an oral hearing if the motion does not comply with Rule 18a. *See id.* R. 18a(g)(3)(A).

As stated above, a motion to recuse "must assert one or more of the grounds listed in Rule 18b." *Id.* R. 18a(a)(2). Rule 18b provides, in part, that a judge must recuse in any proceeding in which (1) "the judge's impartiality might reasonably be questioned"; (2) "the judge has a personal bias or prejudice concerning the subject matter or a party"; (3) the judge knows that he or she has an "interest that could be substantially affected by the outcome of the proceeding"; or (4) the judge "is to the judge's knowledge likely to be a material witness in the proceeding." *Id.* R. 18b(b)(1), (2), (6), (7).

B. *Analysis*

The regional presiding judge was authorized to deny the Carrolls' motion without an oral hearing because the motion did not comply with Rule 18a. *See id.* R. 18a(g)(3)(A). The Carrolls' motion was not verified as required by Rule 18a(a)(1). *See id.* R. 18a(a)(1). Further, the motion did not present proper grounds for recusal. *See id.* R. 18a(a)(2). The motion complains only of unfavorable rulings in unrelated cases, which is not a basis for recusal. *See* TEX. R. CIV. P. 18b(b)(1)–(8). "Judicial rulings alone almost never constitute a valid basis for a motion to recuse based on bias or partiality. Rather, a party's remedy for unfair rulings is to assign error regarding the adverse rulings." *Drake v. Walker*, 529 S.W.3d 516, 528 (Tex. App.—Dallas 2017, no pet.) (internal citations omitted).

For the foregoing reasons, we conclude that the regional presiding judge did not abuse his discretion in summarily denying the motion to recuse. *See* TEX. R. CIV. P. 18a(j)(1)(A). We overrule the Carrolls' first issue.

## III. *Rule 91a*

In their second issue, the Carrolls argue that the trial court erred in granting Emerald's Rule 91a motion to dismiss.

### A. *Standard of Review and Applicable Law*

Rule 91a of the Texas Rules of Civil Procedure provides that a party "may move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.* In its determination, a trial court "may not consider evidence . . . and must decide the motion based solely on the pleading of the cause of action." *Id.* R. 91a.6. "We review the merits of a Rule 91a motion de novo." *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020) (citing *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam)).

Generally, there are two scenarios in which a cause of action has no basis in law:

(1) where the plaintiff fails to plead a legally cognizable cause of action, or

(2) where the allegations in the plaintiff's own pleading establish a complete legal bar to the plaintiff's claims by affirmatively negating entitlement to the relief requested.

*Davis v. Homeowners of Am. Ins. Co.*, 700 S.W.3d 837, 844 (Tex. App.—Dallas 2023, no pet.); *see Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 608 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.).

B. *Analysis*

    1. *Wrongful Eviction*

The Carrolls' claims all stem from the eviction from the residence. However, their pleadings and attachments establish that they do not have a landlord-tenant relationship with Emerald. Rather, as shown by the eviction judgment and the request for writ of possession, Vargo is the plaintiff and landlord in the eviction suit. Accordingly, plaintiff's pleading establishes a complete legal bar to the asserted claims—particularly the third element listed below—by affirmatively negating entitlement to relief.

The elements for wrongful eviction include:

(1) the existence of a valid unexpired lease;

(2) "the tenant's occupancy of the premises;

(3) the landlord's eviction of the tenant; and

(4) damages suffered by the tenant attributable to the eviction."

*St. Anthony's Minor Emergency Ctr., L.L.C. v. Ross Nicholson 2000 Separate Prop. Tr.*, 567 S.W.3d 792, 797 n.4 (Tex. App.—Houston [14th Dist.] 2018, pet. denied); *McKenzie v. Carte*, 385 S.W.2d 520, 528 (Tex. App.—Corpus Christi 1964, writ ref'd n.r.e.). While an eviction judgment does not have preclusive effect on a subsequent action for damages, here, the judgment establishes that Emerald was not a party in a landlord-tenant relationship with the Carrolls. The Carrolls' pleadings are antithetic to element of proof number three in their claim of wrongful eviction. *See Westwood Motorcars, LLC v. Virtuolotry, LLC*, 689 S.W.3d 879, 885 (Tex. 2024). Accordingly, the Carrolls' pleading establishes a complete legal bar to any alleged wrongful eviction and related claims, and it therefore affirmatively negates their entitlement to relief from Emerald. *See Davis*, 700 S.W.3d at 844; *St. Anthony's Minor Emergency Ctr.*, 567 S.W.3d at 797 n.4; *see also* TEX. PROP. CODE ANN. §§ 92.002, 92.008, 92.0081 (West 2023) (codifying certain causes of action

for tenants, which apply only to landlord-tenant relationships).  Further, Emerald could not have retaliated against the Carrolls by filing an eviction action or failing to return a security deposit because Vargo, not Emerald, was the landlord.  As such, Vargo was the entity entitled to file for eviction and only the landlord was responsible for returning any security deposit.  *See* PROP. §§ 92.103(a), 92.109 (requiring a landlord to return a security deposit), 92.331(a), (b) (prohibiting a landlord from retaliating against a tenant).

2.  *Civil Conspiracy*

"Civil conspiracy is a derivative action premised on an underlying tort." *Dailey v. Thorpe*, 445 S.W.3d 785, 789 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (quoting *Gary E. Patterson & Assocs., P.C. v. Holub*, 264 S.W.3d 180, 204 (Tex. App.—Houston [1st Dist.] 2008, pet. denied)).  "Civil conspiracy requires (1) two or more persons who agree upon an object, (2) a meeting of minds on the object to be accomplished, and (3) one or more overt, unlawful acts committed in furtherance of the conspiracy, (4) which results in damages." *Guevara v. Lackner*, 447 S.W.3d 566, 582 (Tex. App.—Corpus Christi–Edinburg 2014, no pet.).  The Carrolls' conspiracy claim alleges only that Emerald was present at the eviction proceeding.  Taking this allegation as true, the Carrolls have not pleaded a conspiracy, or any underlying fraudulent act committed by Emerald in furtherance of a conspiracy.  *See Davis*, 700 S.W.3d at 844; *see also 1st & Trinity Super Majority*, *LLC v. Milligan*, 657 S.W.3d 349, 372 (Tex. App.—El Paso 2022, no pet.) (affirming Rule 91a dismissal of civil conspiracy claim where plaintiff did not allege any valid underlying tort action); *Malik v. GEICO Advantage Ins. Co., Inc.*, No. 01-19-00489-CV, 2021 WL 1414275, at *9 (Tex. App.—Houston [1st Dist.] Apr. 15, 2021, pet. denied) (mem. op.) (holding that the trial court did not err in dismissing plaintiff's conspiracy claim under Rule 91a where plaintiff did not demonstrate a legal or factual basis for an underlying tort); *DeVoll v. Demonbreun*, No. 04-14-

00116-CV, 2014 WL 7440314, at *3 (Tex. App.—San Antonio Dec. 31, 2014, no. pet.) ("Because [plaintiff] did not allege facts demonstrating reliance or harm, his fraud claim has no basis in law.").

### 3. *Intentional Infliction of Emotional Distress*

An IIED claim has four elements: "(1) the defendant acted intentionally or recklessly; (2) its conduct was extreme and outrageous; (3) its actions caused the plaintiff emotional distress; and (4) the emotional distress was severe." *Hersh v. Tatum*, 526 S.W.3d 462, 468 (Tex. 2017). To establish that the defendant's alleged conduct was extreme and outrageous, the plaintiff must ultimately prove that the conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Hoffmann–La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004) (quoting *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993)). In addition, there generally must be no other cause of action available to redress the tortious conduct. *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005).

The Carrolls' IIED claim sought damages as a result of Emerald's conduct in carrying out the alleged wrongful eviction. The gravamen of their intentional infliction complaint only alleges conduct that, if proven, would fit into and be addressed as another tort—here, wrongful eviction. IIED is not something that overlaps into alleged conduct for which there is another cause of action, rather it is a "gap filler" tort and was "never intended to supplant or duplicate existing statutory or common-law remedies." *Id.*; s*ee Hoffmann–La Roche*, 144 S.W.3d at 447 ("Where the gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available."). Further, the Carrolls' allegations regarding Emerald's participation in the eviction process do not constitute the type of extreme or outrageous conduct necessary to support an IIED

claim. *See Hoffmann–La Roche*, 144 S.W.3d at 445; *see also Light v. Vistra Energy*, No. 10-18-00330-CV, 2021 WL 4777098, at *3 (Tex. App.—Waco Oct. 13, 2021, no pet.) (mem. op) (affirming Rule 91a dismissal of IIED claim and noting that plaintiff "did not allege a legal or factual basis for extreme and outrageous conduct in the employment-termination decision"); *Salazar v. HEB Grocery Co., LP*, No. 04-16-00734-CV, 2018 WL 1610942, at *4–5 (Tex. App.—San Antonio Apr. 4, 2018, pet. denied) (mem. op.) (same where plaintiff's pleadings did not allege facts showing that defendant's conduct was extreme and outrageous). For the foregoing reasons, we conclude that the Carrolls' IIED claim has no basis in law because they failed to plead a legally cognizable cause of action. *See Davis*, 700 S.W.3d at 844.

Having concluded that the trial court did not err in dismissing the Carrolls' claims under Rule 91a, we overrule their second issue.

## IV. *Vexatious Litigant*

In their third issue, the Carrolls argue that the trial court erred in declaring them vexatious litigants.

### A. *Standard of Review and Applicable Law*

"Chapter 11 of the Texas Civil Practice and Remedies Code addresses vexatious litigants—persons who abuse the legal system by filing numerous, frivolous lawsuits." *Catt v. Middleton*, 698 S.W.3d 66, 72 (Tex. App.—Houston [14th Dist.] 2024, no pet.) (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.001–.002, 11.051–.057 (West 2017)). "The purpose behind the statute [is] to curb vexatious litigation by requiring plaintiffs found by the court to be 'vexatious' to post security for costs before proceeding with a lawsuit." *Drum v. Calhoun*, 299 S.W.3d 360, 364–65 (Tex. App.—Dallas 2009, pet. denied) (quoting *Willms v. Americas Tire Co.*, 190 S.W.3d 796, 804 (Tex. App.—Dallas 2006, pet. denied)).

A court may declare a plaintiff to be a vexatious litigant if there is no reasonable probability that the plaintiff will prevail in the litigation[3] against the defendant, and, as applicable here, that: (1) the plaintiff has maintained at least five litigations other than in a small claims court as a pro se litigant in the preceding seven years that have been finally determined adversely to the plaintiff, or (2) attempts to relitigate, pro se, a cause of action concluded by a final determination against the same defendant. *See* CIV. PRAC. & REM. § 11.054(1)(A), (2)(B).

We review a trial court's vexatious litigant determination under an abuse-of-discretion standard. *1901 NW 28th St. Tr. v. Lillian Wilson, LLC*, 535 S.W.3d 96, 99 (Tex. App.—Fort Worth 2017, no pet.); *Douglas v. Am. Title Co.*, 196 S.W.3d 876, 879 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *see* CIV. PRAC. & REM. §§ 11.054–.056. A trial court abuses its discretion if it acts arbitrarily or unreasonably and without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

B. *Analysis*

At the time the trial court declared the Carrolls to be vexatious litigants, it had *already* determined that the Carrolls' petition had no basis in law or fact and had granted Emerald's Rule 91a motion to dismiss, a decision that we have affirmed. Thus, the first requirement was met: there was "not a reasonable probability that the plaintiff[s would] prevail in the litigation." CIV. PRAC. & REM. § 11.054. Regarding the second requirement, Emerald presented evidence that the Carrolls previously filed suit against Emerald, which concluded in a final determination adversely to the Carrolls. *Id.* § 11.054(2)(B). As noted above, the Carrolls previously sued Emerald in Tarrant County Justice of the Peace Court, Precinct Three, asserting wrongful eviction stemming from the same events and that case was dismissed with prejudice.

---

[3] "'Litigation' means a civil action commenced, maintained, or pending in any state or federal court." CIV. PRAC. & REM. § 11.001(2).

Instead of appealing that dismissal, the Carrolls filed the present suit. Based on this evidence, we conclude that the trial court did not abuse its discretion in declaring the Carrolls to be vexatious litigants. *See id.*; *Douglas*, 196 S.W.3d at 879.

Addressing Charlotte individually, Emerald also presented evidence that she had maintained at least five litigations, other than in a small claims court, as a pro se litigant in the preceding seven years that have been finally determined adversely to her. *See* CIV. PRAC. & REM. § 11.054(1)(A).

1. Civil Action No. 3:19-CV-1804-L, *Charlotte Carroll v. TMX Finance of Texas*, in the United States District Court for the North District of Texas, Dallas Division (dismissed with prejudice).

2. Trial Court Cause No. CC-20-05637-C, *Charlotte Carroll v. CC Maple LLC*, in County Court at Law No. 3, Dallas County (take-nothing judgment).

3. Trial Court Cause No. 2018-001358-1, *Charlotte R. Carroll and Carolyn Wiggins v. J.P. Morgan Chase Bank*, in County Court at Law No. 1, Tarrant County (take-nothing judgment).

4. Trial Court Cause No. CC-20-01206-D, *Mark Carroll and Charlotte Carroll v. European Service Center, Inc.*, in County Court at Law No. 4, Dallas County (take-nothing judgment).

5. Trial Court Cause No. 2021-007202-3, *Mark Carroll and Charlotte Carroll v. Moving Office Equipment*, in County Court at Law No. 3, Tarrant County (dismissed with prejudice).

6. Trial Court Cause No. 4:18-CV-458-A, *Charlotte R. Carroll v. State Farm Mutual Automobile Insurance Company*, in the United States District Court for the Northern District of Texas, Fort Worth Division (dismissed with prejudice).

Each of the above six cases were pursued by Charlotte pro se in the preceding seven years, were not filed in small claims court, and were determined adversely to Charlotte. We conclude that the trial court did not abuse its discretion in declaring

Charlotte individually to be a vexatious litigant on this basis. *See id.*; *Douglas*, 196 S.W.3d at 879. We overrule the Carrolls' third issue.

V. *This Court's Ruling*

We affirm the trial court's orders.

W. BRUCE WILLIAMS

JUSTICE

December 18, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.